JAMES BUCKLEY *vs.* EARLE & PREW'S EXPRESS CO.

PROVIDENCE—JANUARY 25, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *New Trial.  Admission of Evidence.*

A new trial will not be granted because of the refusal of the court to charge the jury that certain evidence had no bearing on the case (assuming such evidence to have been irrelevant), where the evidence in the case, disconnected from the irrelevant, was sufficient to sustain the verdict, and the evidence objected to was neither injurious nor prejudicial.

TRESPASS ON THE CASE for negligence. The defendant requested the court to charge "that this horse had walked off when left in the street unattended is no evidence of any propensity to run away when being driven, and has no bearing on the case." Refused. Heard on petition of defendant for a re-argument of the case decided in rescript Ex. No. 2876, unreported. Petition denied.

PER CURIAM. The defendants claimed at the trial that testimony that the horse in question had walked away on a previous occasion, when left in the street unattended, was irrelevant, and they excepted to the refusal of the judge so to charge. Assuming it to be irrelevant, the court is of opinion that it was not prejudicial.

(1)  The declaration charged that the horse was accustomed to run away, and that the defendant knew it. The evidence of admissions by Mr. Prew as to the character of the horse, the testimony of a previous driver as to the horse taking the bits between his teeth and starting to run, coupled with the testimony of the conduct of the horse on the day in question, were sufficient to warrant the jury to believe that the horse had the propensity to run.

The testimony objected to was not testimony which would be likely to prejudice a jury against the character of a party and so lead them to discredit him, as in *State* v. *Briggs*, 9 R. I. 361; *Graham* v. *Coupe*, 9 R. I. 478; *Tourgee* v. *Rose*,

19 R. I. 432 ; or as to the conduct of the defendant in *King*
v. *Colvin*, 11 R. I. 582.

This being an action for negligence, the jury must have
found, to find for the plaintiff at all, that the defendant had
knowledge of the habits of the horse ; and we cannot suppose,
in view of the evident difference in circumstances, that evi-
dence that a horse not hitched or attended walked off could
have led a jury to believe that it ran away in this case from
habit.

We do not think that the testimony was injurious or preju-
dicial, and the motion for a re-argument is denied.

*John M. Brennan*, for plaintiff.

*Comstock & Gardner and Livingston Ham*, for defendants.