MAYLON RUSSELL v. LON HOLDER, Appellant.

Action for Negligence in Furnishing Vicious Horse: SURPLUSAGE IN
PLEADING:  *Instructions.*  In an action for injuries received
by plaintiff while riding defendant's horse under an arrange-
ment with the latter, where the petition was sufficient to sup-
port an action for negligence, superfluous allegations as to
false representations respecting the docility of the horse could
be disregarded; and an instruction allowing recovery if, with
knowledge of the horse's vicious character, defendant per-
mitted plaintiff to ride it without acquainting him with the
fact, was properly given.

*Appeal from Marshall District Court.*—HON. G. W. BURN-
HAM, Judge.

FRIDAY, FEBRUARY 14, 1902.

ACTION to recover damages for injuries due to the
vicious conduct of defendant's horse, which plaintiff, at
the time of receiving the injury, was riding under an ar-
rangement with defendant.    Verdict for plaintiff, and
judgment thereon, from which defendant appeals.—*Af-
firmed.*

*Boardman, Aldrich & Lawrence* for appellant.

*Henry Stone* for appellee.

McCLAIN, J.—Appellant's complaint is that while
the petition alleges as basis for recovery false representa-
tions of defendant as to the docility of the horse, whereby
plaintiff was induced to ride him, the court in its instruc-
tions allowed recovery if the jury should find that, with
knowledge of the vicious character of the horse, defendant
requested plaintiff to ride him, or permitted plaintiff to
ride him, without acquainting him with the fact.    The
court did not, however, submit the question of false repre-

sentations, but only that of negligence, and the allegations of the petition cover all the facts necessary to support the claim of negligence. In other words, the court construed the petition as stating a cause of action based on negligence rather than on false representation, and we think correctly, and submitted the case to the jury on that issue. The super-fluous allegations of the petition as to false representations might properly be disregarded. The plaintiff was only bound to prove so much of the matter alleged as was necessary to make out his cause of action. We think defendant could not have been misled to his prejudice by the submission of the case to the jury as an action grounded on neg-ligence, for defendant's knowledge of the vicious or danger-ous character of the horse would be a fact necessary to be shown on that issue.

There was no prejudicial error, and the judgment is AFFIRMED.