MABEL LUTTERMANN, Appellant, v. GEORGE A. ROMEY.

**Assault and battery:** ACTION FOR DAMAGES: INTENT: INSTRUCTION.
The mere application of unlawful force to another, however slight, constitutes an assault and battery, irrespective of the intent; so that an instruction in an action for assault and assault and battery to the effect, that if defendant committed an unlawful assault upon plaintiff by an improper and indecent handling of her person, with intent to accomplish an unlawful purpose, and by reason thereof plaintiff became frightened and suffered physical and mental pain and anguish she was entitled to recover was erroneous, because making a finding of the intent with which the assault was made an essential to a right of recovery.

**Same:** INTENT. While an assault or an assault and battery must be intentionally inflicted, yet the only intent required is that of doing the unlawful act, for where violence is used the unlawful intent is presumed and it rests with the defendant to show otherwise; except, of course, in cases where the assault is of an aggravated nature and is made the basis of a graver offense.

**Same:** UNNECESSARY AVERMENT OF INTENT. Although plaintiff alleged that the assault was made with intent to have sexual intercourse with her, still as the averment of intent was unnecessary it should have been disregarded in fixing her right of recovery.

**Assault:** PAIN AND ANGUISH. Either physical pain or mental anguish, the result of an assault, will support a recovery; a finding of both is not required.

*Appeal from Osceola District Court.*—HON. DAVID MOULD, Judge.

THURSDAY, JULY 1, 1909.

ACTION to recover damages for assault and battery committed by the defendant upon the plaintiff, and also to recover damages for a like wrong committed by defendant upon one Louise Keller, whose cause of action was

assigned to plaintiff. There was a verdict for the defendant, and from the judgment thereon, plaintiff appeals.— *Reversed.*

*C. A. Babcock,* for appellant.

*R. M. Hunter* and *O. J. Clark,* for appellee.

McCLAIN, J.—The allegation of the first count of the petition was that defendant committed an assault and an assault and battery upon plaintiff, with the intent and for the purpose of having and obtaining sexual intercourse with her, which assault and assault and battery was as follows, to wit: Defendant then and there patted plaintiff upon her back, and pinched her arms and breasts, and petted and tickled her under her chin, and tried to put his arms around her, and took hold of her hand, and tried to draw her to and towards him, all of which defendant did with the intent and for the purpose of having and obtaining sexual intercourse with plaintiff. It was charged that said acts and conduct of defendant greatly insulted and humiliated plaintiff, and caused her to be sick and nervous, and caused her great physical pain, and mental pain and anguish. In the second count it was alleged that the defendant committed an assault and an assault and battery upon Louise Keller by committing similar acts to those charged in the first count, with the intent of having and obtaining sexual intercourse with her, and that he accompanied these acts with language constituting a solicitation of sexual intercourse, which language and conduct greatly insulted and humiliated said Louise Keller, and caused her to be sick and nervous, and caused her great physical and mental pain and anguish, etc., to her damage. And it is further alleged that the cause of action in favor of said Louise Keller had been by her assigned to the plaintiff.

The court instructed the jury, following the language

of the petition, that if defendant committed an unlawful assault upon the person of plaintiff by doing the acts re- cited in the petition (setting them out spe- cifically in the instruction), or by doing any one of said acts, and "said acts, or any of them, were done with the intent and purpose of having and obtaining sexual intercourse with plaintiff," and by reason of said acts plaintiff became frightened, and suffered physical pain and mental anguish, then plaintiff would be entitled to recover on the first count of her peti- tion.   This instruction was erroneous, because it made the finding of the intent and purpose of obtaining sexual inter- course with plaintiff essential to plaintiff's right of recov- ery for the assault and battery alleged.    Any application of unlawful force to another constitutes an assault and battery.    Webb's Pollock on Torts, 247.    "Every man is the sole custodian of his own physical person.    No other has a right even to touch it unlicensed, and another wrongs him who does to him any physical violence, however slight," and one who by force inflicts on the body of an- other "the suffering or indignity of actual contact, however slight, is liable to the other in damages."    Bishop on Non- contract Law, sections 189, 190.    The intent is imma- terial, if the act is not justified or excusable, or with the assent of the person upon whom the act is committed.

*1. ASSAULT AND BATTERY: action for damages: intent: instruction.*

The only intent required to constitute an assault and battery is the intent to do the unlawful act.   *Vosburg v. Putney,* 80 Wis. 523 (50 N. W. 403, 14 L. R. A. 226, 27 Am. St. Rep. 47).   The allegation of an assault carries with it the allegation of il- legality.   *United States v. Lunt,* 1 Spr. 311 (26 Fed. Cas. No. 15,643).   While the injury must be intentionally inflicted, yet, if inflicted by violence, the law presumes a wrongful intent, and it rests with the person inflicting the injury to show the innocence of the intent.   *Atkins v. State,* 11 Tex. App. 8.   Of course, if the assault charged

*2. SAME: intent.*

is one of an aggravated nature, which, by reason of the aggravation, such as an intent to inflict other injury than that actually involved in the fact of assault and battery, is made a graver offense, the jury must specifically find the intent charged as constituting the aggravation. *Floyd v. State,* 29 Tex. App. 341 (15 S. W. 819).

But the intent of having sexual intercourse with the plaintiff was not an essential element of the assault and battery charged in this petition. It might have been en-

3. SAME: unnecessary averment of intent.

tirely omitted from the allegations without rendering the charge of assault and battery inadequate. Plaintiff is not required to prove more than is necessary to entitle him to the relief asked. Unnecessary averments need not be proved. Code, section 3639. *Knapp v. Cowell,* 77 Iowa, 528. As plaintiff was entitled to recover for assault and battery, if the defendant wrongfully committed upon plaintiff the acts of violence charged, or any of them, although he had no intent to obtain sexual intercourse with her, the court erred in giving the instruction above referred to. The same error was committed in another instruction, relating to the wrong alleged as to Louise Keller, and for these errors the judgment must be reversed. The errors were prejudicial to the plaintiff, for it might well have been doubted by the jury, under the evidence, whether defendant in either instance had any such intent as that specifically charged.

The instructions were also open to the technical objection that they allowed recovery by the plaintiff only if the plaintiff in one instance, and Louise Keller in the

4. ASSAULT: pain and anguish.

other, suffered physical pain and mental anguish, whereas, either physical pain or mental anguish being shown, a right of recovery would have been established, if the wrongful acts were proved, and such pain or anguish was found to have resulted therefrom. This objection might not, however, be

sufficient in itself to warrant a reversal in view of the general tenor of the language of the instructions.

Of the many other errors assigned, those relating to rulings on evidence are not well taken, while that which relates to the form of the verdict is immaterial, in view of the reversal on another ground.

The failure to specifically instruct as to future mental pain and anguish in the case of Louise Keller was not error in view of the fact that there was no evidence tending to show that she would suffer any such pain and anguish in the future.

For the reasons pointed out, the judgment is *reversed*.