ELIZABETH FORSYTHE, Appellee, v. GEORGE KLUCKHOHN, Appellant.

**Evidence:** CREDIBILITY OF WITNESS: FINDINGS OF JURY: CONCLUSIVE-
1    NESS. The special finding of a jury based upon plaintiff's testimony alone, which was undenied by any eyewitness, that defendant's dog did attack, bite and attempt to bite her; and the finding that the unmuzzled condition of the dog at the time of the accident was the proximate cause of her injury, were conclusive upon the court; as the credibility of witnesses is for the jury to determine.

**Animals:** DISPOSITION AND TRAINING OF DOGS: EVIDENCE. Evidence of
2    the disposition and characteristics of dogs of a certain breed, and the effect of muzzling them, is admissible in an action for personal injury caused by a dog of that breed.

**Same:** DOGS: PREVIOUS VICIOUS ACTS: EVIDENCE. Evidence of specific
3    acts, or of the habit of defendants dog to bite, or to seize the clothing of people upon the street, was admissible, as tending to show that he so acted at the time of plaintiff's injury.

**Same:** EVIDENCE: OPINION OF WITNESS. Where a witness who saw the acts of the dog, which plaintiff testified knocked her down and attacked her, stated on cross-examination that she did not see the dog bite her clothing, but would not state that it did not in fact do so, the inquiry calling for her opinion as to the fact in this regard was properly excluded.

**Same:** DOGS: VICIOUSNESS: LIABILITY OF OWNER. Where it appeared that defendant's dog did in fact attack and attempt to bite the plaintiff, the defendant was liable for the resulting injury irrespective of whether the animal was muzzled or otherwise, as required by the city ordinance.

**Same:** PLEADING: IMMATERIAL AVERMENTS. The plaintiff is not required to prove any fact pleaded which is not essential to recovery. Thus where plaintiff alleged that defendant's dog seized hold of her clothing, thereby causing her to fall and to receive an injury, a cause of action was stated, irrespective of the further allegation that the dog was not muzzled in compliance with the city ordinance.

**Same:** INSTRUCTIONS: HARMLESS ERROR. The appellant cannot complain on appeal that the court in its instructions placed an undue burden upon the appellee.

**Same:** PERSONAL INJURY: DAMAGES: APPORTIONMENT. Where the plaintiff's demand was confined to the injury done by defendant's dog, and the testimony without substantial dispute supported her demand, and the jury by special verdict designated the defendant's dog as the one which did the injury, there was no ground upon which to apportion liability for the injury, growing out of the fact that another dog was associated with that of defendant at the time of the accident.

*Appeal from Plymouth District Court.*—HON. DAVID MOULD, Judge.

WEDNESDAY, JULY 2, 1913.

ACTION at law to recover damages for personal injury. The material facts are stated in the opinion. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Sammis & Bradley,* for appellant.

*Nelson Miller* and *Struble & Struble,* for appellee.

WEAVER, C. J.—It is the claim of plaintiff that defendant permitted his dog to run at large without being muzzled, contrary to the provisions of an ordinance of the city of Le Mars, where the parties reside, and that while so at large, and while plaintiff was passing along a public street in said city, said dog ran against her seizing hold of her dress, knocking her down, and causing her serious bodily injury. The defendant answers, denying all the material averments of the petition. On trial to a jury verdict was returned in favor of plaintiff for $800, and from the judgment rendered thereon defendant appeals.

The case has once before had the attention of this court. See *Forsythe v. Kluckhohn,* 150 Iowa, 126. On the former trial the particulars of the occurrence in question were the subject of dispute. It was the theory of the defense that this dog with one or more other dogs were racing along the street in a playful way, and ran against plaintiff, causing her to fall, but did not attack her or lay hold of her clothing. Upon the evidence as then adduced, the jury while returning a general verdict in plaintiff's favor made a special finding that the dog did not attack or attempt to bite her. On appeal this court reversed the judgment, and ordered a new trial holding that the alleged injury to the plaintiff was not shown to be the direct or natural result of defendant's failure to muzzle his dog. On the second trial testimony by persons having experience in raising and keeping dogs of like breed with the one here in question was admitted to the effect that, when muzzled, such an animal is more subdued, is not so quick or free to run about or engage in play, and is quicker to obey. There was also evidence tending to sustain the plaintiff's allegation that the dog did seize hold of her clothing. In addition to the general verdict for the plaintiff, special findings on interrogatories submitted at the defendant's request were returned as follows:

Interrogatory 1. Did the defendant's dog at the time and place complained of by the plaintiff attack, bite, or attempt to bite her? Answer. Yes.

Interrogatory 2. Was the fact that defendant's dog was unmuzzled at the time and just prior to the time of the accident complained of the proximate cause of the injuries alleged to have been sustained by the plaintiff? Answer. Yes.

I. It is argued on behalf of appellant that plaintiff must recover, if at all, on the theory that "the dog caused the injury complained of by using his teeth in a manner which a muzzle would have prevented," or that the "dog was running at large in play and ran into plaintiff, and thus, without employing his teeth or any agency of the use of which a muzzle would have deprived him, caused plaintiff to fall."

**1. EVIDENCE:** credibility of witness: findings of jury: conclusiveness.

Concerning this assumed alternative, counsel say there is no testimony in the record that the dog did seize or lay hold of the plaintiff or of her clothing except the story of plaintiff herself, and that her evidence to that effect is unworthy of belief. The plaintiff testified in a direct and positive way that the dog "grabbed hold of me"; "took hold of my dress"; "pulled at my skirts"; "turned me right around, and held to my skirt"; "there was a tear in my skirt afterwards. When they let go of my skirt, I fell off the walk." On cross examination, she repeated these statements with added emphasis. These assertions are not directly denied by any eyewitness of the occurrence. Witnesses do testify that the dogs were apparently engaged in a playful chase, that one of them, defendant's dog, ran into the plaintiff, but the witnesses did not see him take hold of the plaintiff or of her clothing. None go so far as to say that the things stated by the plaintiff did not occur. It needs no citation of the authorities in support of the proposition that under the most familiar and most fundamental rule of the law of jury trials the credibility of plaintiff as a witness and the weight to be given her testimony were for the jury alone. The special findings are to

the effect that her story is true. This finding is conclusive upon the court, and must stand unless prejudicial error be found elsewhere in the record calling for a reversal of the judgment below.

II. Defendant's dog was a "pit bull terrier," and witnesses claiming experience or expert knowledge of animals of this kind were permitted to testify as to the effect which the wearing of a muzzle has, or is likely to have, upon dogs of that breed. They were also allowed to speak of the disposition and characteristics of such dogs. The admission of this testimony is assigned as error. In our judgment the exception is not well taken. The well-known classification of animals of the same general family into breeds is a recognition of the fact that by breeding, training, and environment for considerable periods of time they develop distinct traits, habits, and characteristics, and we see no reason why these may not be legitimate matters of evidence in cases where their acts and conduct under a given state of circumstances become a matter of dispute.

2. ANIMALS: disposition and training of dogs: evidence.

Nor was there error in the admission of testimony that on former occasions the dog had run against and seized hold of the clothing of other persons. Such evidence was probably not necessary to show notice to defendant of the alleged viciousness of his dog because whether plaintiff's action be grounded upon the city ordinance or upon the statute notice to the owner is not essential to her recovery. But proof of specific acts, or of the habit of the animal to bite or seize the clothing of persons on the street, was admissible as a circumstance tending to sustain plaintiff's charge that he so acted at the time of her injury. See *Broderick v. Higginson,* 169 Mass. 482 (48 N. E. 269, 61 Am. St. Rep. 296); *Whiteley v. China,* 61 Me. 202; *Maggi v. Cutts,* 123 Mass. 535; *Stone v. Langworthy,* 20 R. I. 602 (40 Atl. 832); *Buckley v. Express Co.,* 22 R. I, 358 (48 Atl. 7); 1 Wigmore's Evidence, section 68.

3. SAME: dogs: previous vicious acts: evidence.

Miss Johnson, a witness for plaintiff, stated on cross-examination that she saw the collision between plaintiff and the.dog, but did not see the dog bite or seize plaintiff's dress.

**4. SAME: evidence: opinion of witness.** Being pressed to say whether the dog did act as stated by the plaintiff, the most she would say was that she did not see it. She added, however, that, if the animal did attack or bite, she would think or expect it would stop, and it did not in fact stop. These answers not being definite or positive enough to satisfy appellant's counsel, he asked her whether she did not think the dog did nothing of the kind. Objection to the question was sustained, and the answer excluded. It seems hardly necessary to say that the ruling was clearly right. Counsel say the question ''was designed to secure Miss Johnson's opinion to the effect that neither of the dogs attacked plaintiff or seized hold of her dress.'' This purpose is perfectly clear on the face of the record, but the testimony was essentially incompetent. The witness had stated and repeated all she was willing to swear to concerning her knowledge of the things occurring in her view, and it was for the jury, and not the witness, to draw conclusions therefrom.

III. In our view of the law of the case some of the questions suggested and argued by counsel are not material, because the alleged errors, if errors at all, were not prejudi-

**5. SAME: dogs: viciousness: liability of owner.** cial. If the finding of the jury that defendant's dog did attack or bite or attempt to attack or bite the plaintiff, and thereby caused her injury, is to stand, and we think it must, then she was entitled to a verdict without reference to the city ordinance or to the fact whether the animal was or was not muzzled. Our statute (Code, section 2340) provides, among other things, that the owner is liable for all damages done by his dog in attacking or attempting to bite any person except when the complaining party is engaged in an unlawful act; and, if that statute may be applied in this case, an affirmance of the judgment below is quite inevitable. Appel-

lant insists, however, that plaintiff's petition declares upon the ordinance alone, and that the case was tried upon that theory in the court below.

It is true the amended petition pleaded the ordinance, and alleges that in violation thereof the dog was running at large unmuzzled. But it also charges that defendant's dog

6. SAME: pleading: immaterial averments.

ran against plaintiff, and seized hold of her clothing, thereby causing her to fall and receive an injury. The allegations concerning the existence of the ordinance and the unmuzzled condition of the dog may all be eliminated from the pleading, and there remains the averment of a good and sufficient cause of action without reference to the ordinance. The plaintiff was not bound to prove any fact stated in her petition which was not necessary to a recovery. Code, section 3639; *Knapp v. Cowell,* 77 Iowa, 528; *Moseley v. Shattuck,* 43 Iowa, 540; *Kearney v. Fitzgerald,* 43 Iowa, 580; *Luttermann v. Romey,* 143 Iowa, 236; *Bank v. Reeder,* 142 Iowa, 375.

It is further urged that the trial court charged the jury that, in order to recover, plaintiff must prove that the failure to muzzle the dog was a proximate cause of her injury. In

7. SAME: instructions: harmless error.

this respect it need only be said that the trial court placed an undue burden upon the plaintiff, an error of which appellant is not in position to complain. That increased burden the plaintiff has met to the satisfaction of the jury, and we are of the opinion that the finding of the jury has sufficient support in the record.

The further point made that, as there were two dogs engaged in the sport at the time of plaintiff's injury, the responsibility therefore is divided between the owners of the

8. SAME: personal injury: damages: apportionment.

two animals, and in no event should defendant be alone held for the entire damages. The exception cannot prevail. In the first place, plaintiff's demand is limited to damages for the injury alleged to have been caused by defendant's dog. If she was bitten or seized by either animal, the testimony is without substan-

tial dispute that it was the one which defendant owned. The special verdict found at defendant's request designated the defendant's dog as the culprit, and there is nothing in the evidence upon which any apportionment of the liability could have been predicated.

We find no sufficient reason for sending the case back for a third trial. The law abhors protracted contentious litigation. Even the tale of a dog should have an end. The judgment of the district court is *Affirmed*.

GAYNOR, J., taking no part.