GEORGE W. RAINE, Appellant, v. THE CITY OF DUBUQUE,
Appellee.

**MUNICIPAL CORPORATIONS:** Defective Streets—Need Not be
1 **Nuisance.** A city cannot escape liability for a defect in its
street on the fact that the defect did not amount to a nuisance.

**PLEADING:** Surplusage—Non-Necessity to Prove. A party shall
2 not be compelled to prove more than is necessary to entitle him
to the relief asked. (Sec. 3639, Code.)

PRINCIPLE APPLIED: Plaintiff pleaded the negligence of
the city in reference to an obstruction in the street which over-
turned his carriage. He also pleaded that the obstruction was a
nuisance. The court followed the pleading and repeatedly told
the jury that before defendant could recover he must establish
that the obstruction was a "nuisance." *Held,* no allegation was
necessary, in order to hold the city liable, that the obstruction
was a nuisance; therefore the allegation was surplusage.

*Appeal from Dubuque District Court.*—HON. ROBERT
BONSON, Judge.

MONDAY, MARCH 15, 1915.

ACTION at law to recover damages for personal injury.
Verdict and judgment for defendant and plaintiff appeals.—
*Reversed.*

*Kenline & Roedell,* for appellant.

*M. T. Czizek, M. D. Cooney, John D. Denison, Jr.,* and
*E. E. Bowen,* for appellee.

WEAVER, J.—Prior to the accident in which plaintiff was
injured, the defendant city had let a contract for the con-
struction of a sewer along the course of one of its streets
known in the record as West Locust. The sewer had been

constructed, but a considerable quantity of dirt and rock had been left in ridges or piles in a manner to constitute an obstruction of more or less magnitude. It is suggested by some of the witnesses that the dirt and rock had been thus left on the street surface with the expectation that the filling made in the excavation would settle and the material could be utilized in making the necessary refilling. Notice and complaint concerning this condition had been made to the mayor of the city, who visited the place and caused some improvement to be made in the conditions. The contractors were notified "to clean it up except in the ditch and trench itself," and the mayor describes the result to have been that "some places were level and in other places was a ridge." So far as appears, no measures were taken to barricade the place or to place lights thereon at night. It is shown, however, that the contractors had maintained lights along the work while the actual construction was in progress, but they had been discontinued for several days before the night in question. On the night of November 14, 1911, plaintiff was driving a hack along West Locust street when, as the evidence tends to show, his carriage struck the ridge or heap of earth and rock and was overturned, with the result that he received some degree of injury. To recover compensation for the injuries so received, this action was begun.

The petition charges the defendant with negligence in permitting the street to become and remain in the condition complained of and in failing to erect or maintain guards or barriers or warning lights to prevent injury therefrom to persons lawfully using the street. The allegations of the petition are denied by the answer. The issues were tried to a jury and verdict returned for the defendant.

The jury having determined the fact issues adversely to the plaintiff, we have only to inquire whether the record discloses any error to his prejudice requiring a reversal of the judgment entered on the verdict. Bearing upon this propo-

sition, we turn to the court's charge to the jury, to which the plaintiff takes exception.

1. MUNICIPAL CORPORATIONS: defective streets: need not be nuisance.

Referring to the facts which the plaintiff must establish by the evidence to entitle him to recover, the court charged the jury that he must prove—

"1st. That he was injured by being thrown from a hack caused from an obstruction in said street, and that from such injuries damages resulted to him.

"2d. That the defendant city was negligent for permitting said obstruction to exist, and that said obstruction was a nuisance and caused plaintiff's injury.

"3d. That plaintiff himself, at the time of the happening of the accident was guilty of no negligence on his part which contributed to his injury.

"It is incumbent upon plaintiff to establish and prove each of these three propositions by a preponderance of the credible evidence, and if he has failed to so establish and prove any one of these three propositions your verdict should be in favor of the defendant."

In another paragraph the court said, "It is for you to determine from all of the evidence in this case whether or not the carriage was overturned because of an obstruction in the street, and whether or not such obstruction was a nuisance." And again in the same paragraph, "In this case, it is incumbent upon the plaintiff to prove by a preponderance of the credible evidence that the obstruction in the street overturned the carriage and that such obstruction was a nuisance."

These instructions cannot be approved. They clearly serve to impress upon and emphasize to the minds of the jury that plaintiff must not only prove that defendant was negligent with respect to the condition of the street, but must go farther and prove that such negligent condition constituted a nuisance—and this too without anywhere defining or ex-

plaining to the jury what was or is or would be a nuisance in such case.   The same question was before this court in *Stokes v. Sac City*, 151 Iowa 10, where a very similar instruction was held to be erroneous.

It is true the statute charges each city with the duty of keeping its streets free from nuisances, and still another statute makes the obstruction of a public highway an actionable nuisance.   But these statutes do not attempt to define or measure the full duty which the law imposes upon every municipality with respect to its streets.   It is too thoroughly settled to require discussion or citation of authorities that the city is charged with the exercise of reasonable care to make and keep its streets free not only from defects or obstructions which are nuisances in the technical or statutory meaning of that word, but from all defects, including those of a less flagrant or perilous character, which expose persons lawfully using such streets to danger of injury.   Failure to exercise such care is negligence and if thereby a traveler on the public way is injured without contributory fault on his part, the city is liable and the jury in such case should neither be asked or permitted to speculate upon the question whether the negligent condition complained of did or did not constitute a nuisance.   The giving of the instructions to which reference is made was a prejudicial error for which there is no remedy except a new trial.

It is immaterial that plaintiff's petition speaks of the alleged defect in the street as a nuisance.   It also alleges specifically that defendant was negligent with respect to the condition of the street at the point in question and that by reason thereof plaintiff sustained an injury without contributory negligence on his part.   There is a sufficient statement of a cause of action and the use of the word nuisance in connection therewith is surplusage.   It is elementary under our system of pleading and practice that a plaintiff is not required to prove the redundant or unnecessary allegations of his petition.

2. PLEADING: surplusage: non-necessity to prove.

This conclusion is determinative of the appeal and it is unnecessary to discuss the other questions raised in argument. The judgment of the district court must be reversed and the cause remanded for new trial.—*Reversed.*

LADD, EVANS, and PRESTON, JJ., concur.