CHANDLER MILLING & MANUFACTURING COMPANY, Appellee, v. GREENWOOD GROCERY COMPANY et al., Appellants.

PLEADING: Issues, Proof, and Variance—Failure to Attack General Pleading. A pleading, *unquestioned in the trial court*, which alleges that goods were purchased and delivered under an "oral agreement," without specification of any agreed terms as to price or quantity, will support a judgment for the unquestioned reasonable value of the goods. (See Book of Anno., Vol. 1, Sec. 11177, Anno. 74 *et seq.*)

Headnote 1: 3 C. J. p. 796.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

NOVEMBER 17, 1925.

ACTION by Chandler Milling & Manufacturing Company against the Greenwood Grocery Company and John E. Hood, to recover for coal sold. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*W. C. Strock, Paul H. Cunningham,* and *W. B. Sloan,* for appellant.

*C. E. Hunn* and *H. S. Hunn,* for appellee.

MORLING, J.—The case is before us on rehearing. Counsel have very considerately presented an agreed statement of the record, which removes the uncertainties of the record upon which the case was first heard.

A carload of coal was sold to the Brooks Coal Company. The Brooks Coal Company was unable to take up the bill of lading or pay for the coal, and never acquired its ownership or possession. A drayman, Couch, with a view of getting the hauling, suggested to plaintiff that plaintiff purchase the coal, promising to take orders, do the hauling, weigh the coal, and give scale tickets to the purchasers. Plaintiff thereupon purchased

the car of coal from the original seller, on whose order it was released by the carrier to the plaintiff. Couch delivered to defendant 7 loads, aggregating 15 tons, 590 pounds, for the price of which this action is brought.

A scale ticket for each load, showing the amount of coal, naming plaintiff as deliveror and defendant as deliveree, was given to defendant's janitor. "Immediately after the first of January, 1922," plaintiff called defendant Hood, who was doing business under the name of "Greenwood Grocery Company," demanding payment, which Hood refused. Later, plaintiff's employee presented a bill to Hood. Hood told him that he had purchased the coal from Brooks; that Brooks owed defendant, and he had purchased the coal from Brooks in order to realize on his bill. He said that he was going to credit Brooks's account and was not aware that he had purchased any coal belonging to plaintiff. Defendant was not acquainted with either Couch or Brooks.

Plaintiff's original petition alleges that:

"On or about the 30th day of December, 1921, the plaintiff sold and delivered to said defendants 30,590 pounds of coal at the price of $7.50 per ton."

An amendment states that the sale was by oral agreement; that

"A copy of the statement of said account is set out below, as follows:

"Greenwood Grocery & John E. Hood, in account with Chandler Milling & Manufacturing Company,
12-30-21    4000 lbs.    * * *" (so continuing five items totaling 15 tons, 590 pounds, at $7.50, $114.50.)

This amendment also alleges that the coal was ordered by Hood, and another amendment alleges that it was ordered from Couch. There is no allegation of any contract price or any agreed quantity or any agreed terms. The answer denies that defendants purchased any coal from plaintiff, and alleges that defendants purchased from Brooks, and "that within five days thereafter defendants paid" Brooks.

There is no evidence (there is the unsupported declaration referred to) that defendant did purchase, or that he understood he was purchasing, from Brooks, or that he had any account

against Brooks or paid Brooks or gave Brooks credit for the coal.

The evidence shows without controversy that the reasonable value of the coal at the time and place of delivery was $7.50 per ton. There was no objection to this evidence, no objections were taken to the pleadings, and no question of variance was raised.

Defendant's contentions here are that the action is on an express contract and there can be no recovery upon an implied one, and that, where one of two innocent persons must suffer from the acts of a third, he whose acts occasioned the loss must bear it.

If the objection of variance had been made in the lower court, it could have been immediately corrected. On the record, plaintiff's right to have the defendant pay him for this coal cannot be doubted. The allegations of the amendment are sufficient to permit the introduction of evidence of delivery of the coal and of its market value. The plaintiff was not required to prove any more of his allegations than were necessary to constitute a cause of action. On the undisputed evidence, the defendant received from plaintiff a definite quantity of coal of a definite market value. He retained it after he was informed of plaintiff's rights. To sustain defendant's contention would be to pervert the law of pleading and to bring reproach to the law. On the pleadings and the evidence, plaintiff is entitled to recover. *Lee v. Coon Rapids Nat. Bank*, 166 Iowa 242; *Hunt & Co. v. Higman*, 70 Iowa 406; *Harrison v. Palo Alto County*. 104 Iowa 383, 390.

Defendant's affirmative claims are without support in the evidence.

The judgment is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.