JERRY BARNES by GLADYS B. BARNES, guardian and next friend, and GLADYS B. BARNES, appellants, v. CARL H. GALL, appellee.

No. 50002.

(Reported in 103 N.W.2d 710)

JUNE 14, 1960.

Kindig, Beebe & McCluhan and William J. Rawlings, all of Sioux City, for appellants.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellee.

THOMPSON, J.—The present action, brought by his guardian and next friend, asked to recover for injuries claimed to have been sustained by Jerry Barnes, a minor, in a collision between a motor scooter, operated by one Richard Morley, on which Barnes was riding, and an automobile owned and operated by the defendant. The accident occurred about 8:45 p.m. on May 28, 1958, at the intersection of Morningside and Davis Avenues, in Sioux City. The former runs generally north and south, the latter east and west. Gladys B. Barnes and Charles H. Barnes, parents of Jerry Barnes, by an amendment with permission of the court joined as parties plaintiff to recover certain expenses growing out of the injuries, and incorporated the original petition in their cause of action. The issues are the same as to all parties. We shall hereinafter refer to Jerry Barnes as the plaintiff.

The motor scooter on which the plaintiff was riding was traveling north on Morningside and the defendant's automobile,

924

just before the collision, was proceeding south. As he reached the intersection, the defendant made a left turn for the purpose of proceeding into Davis Avenue, and the collision resulted. The case was tried to a jury, with resulting verdict and judgment for the defendant.

I. The plaintiff assigns four errors as grounds for reversal. We shall consider them in order. The first is based upon a requested instruction, the material part of which is this:

"It follows that if the collision, which is the basis of this action, was caused concurrently by negligence on the part of both the defendant and the driver of the vehicle in which the plaintiff was riding, the negligence of the latter cannot be imputed to plaintiff and would not prevent recovery for injuries sustained by him. * * *."

The court did in fact tell the jury that the negligence of the driver of the motor scooter could not be imputed to the plaintiff, but refused to give the remainder of the quoted part of the instruction on concurrent negligence and the right of the plaintiff to recover if there was such. At the time of taking exceptions to the instructions given, the plaintiff also requested, as an addition to the court's Instruction No. 11, that the jury be told that if it found the injuries complained of were caused by the concurrent negligence of the drivers of the motor scooter and of the automobile, plaintiff would be entitled to recover. This request was likewise refused; and following the court's ruling the record shows a notation "(Exception)".

These rulings form the basis of the plaintiff's first complaint. We have recently said under similar fact circumstances that it is reversible error to refuse a requested instruction on concurrent negligence. Law v. Hemmingsen, 249 Iowa 820, 824, 825, 826, 89 N.W.2d 386, 390, 391. The defendant meets the situation which confronts him at this stage of the proceedings by pointing out the allegation in plaintiff's petition that "the negligence of the defendant was the sole and proximate cause of said collision and resulting injuries to the plaintiff." So the defendant urges that, having so pleaded, the plaintiff must be held to have assumed the burden of showing that defendant's

negligence was the "sole" cause, there is no issue of concurrent negligence and so no requirement of an instruction thereon.

But plaintiff says he was not required to prove more than enough to entitle him to the relief asked for. With this position we agree. We set out section 619.9, Code of 1958: "Amount of proof. A party shall not be compelled to prove more than is necessary to entitle him to the relief asked for, or any lower degree included therein, nor more than sufficient to sustain his defense."

This statute has appeared in our law since the Revision of 1860, and we have applied and followed the rule it states in many cases. Walters v. Iowa Electric Co., 203 Iowa 471, 474, 212 N.W. 884, 885; Chandler Milling & Mfg. Co. v. Greenwood Grocery Co., 200 Iowa 919, 921, 205 N.W. 787, 788; Coleman v. Iowa Railway Light & Power Co., 189 Iowa 1063, 1074, 178 N.W. 365, 369; Raine v. City of Dubuque, 169 Iowa 388, 391, 151 N.W. 518, 519; Forsythe v. Kluckhohn, 161 Iowa 267, 273, 142 N.W. 225, 227; Luttermann v. Romey, 143 Iowa 233, 236, 121 N.W. 1040, 1041; Russell v. Holder, 116 Iowa 188, 189, 89 N.W. 195, 196. The general rule is thus stated in 41 Am. Jur., Pleading, section 369, pages 545, 546: "A party by pleading more facts than he needs to does not ordinarily obligate himself to prove them. He will not be prevented from proceeding in the trial of the action merely because he has alleged more than he has proved, where the unproved allegations are unnecessary to authorize recovery."

It was not necessary for plaintiff to prove that the negligence of the defendant was the "sole" proximate cause of the injuries, even though he had so pleaded. He made a case if he produced substantial evidence that the negligence of the defendant, concurring with that of the motor-scooter operator, caused the injuries. The jury should have been so instructed.

■ II. Plaintiff's second assignment of error concerns the refusal of the trial court to give a requested instruction which would have told the jury that if it found the motor scooter was not lighted at the time of the collision, it must then determine whether this lack of lights was a proximate cause of the accident; and if it found the defendant could or should have seen

the motor scooter, even though unlighted, the failure of lights would not be a proximate cause of the accident. We cannot consider the assigned error, for the reason that the record fails to show any exception taken to the refusal to give it. Rule 196, Rules of Civil Procedure, requires that objections shall be taken to "giving or failing to give" any instruction; and "No other grounds or objections shall be asserted thereafter, or considered on appeal."

However, in view of a reversal required by other divisions of this opinion, and a possible new trial, we think a proper instruction along the lines of the request should have been given. It brings to the attention of the court a matter upon which an instruction should be given if requested.

III. The third error assigned is predicated upon the refusal of the court to direct a verdict for the plaintiff upon the issue of defendant's negligence. It is elementary that verdicts are seldom directed in favor of the one upon whom rests the burden of proof, and that a strong showing is required before this may be done. The plaintiff cites sections 321.320 and 321.311, Code of 1958, which require one within an intersection intending to turn to the left to yield the right of way to a vehicle approaching from the opposite direction; and that the approach for a left turn shall be made on the right half of the roadway nearest the center line. It is contended the evidence shows conclusively these were violated by the defendant, and since they were statutory violations his negligence appears conclusively. Of course violation of a statute is ordinarily negligence as a matter of law. The defendant testified that "In my turn I was on the left side of the center line of Davis Avenue for traffic proceeding east on Davis Avenue." This seems to indicate a violation of section 321.311, supra. But there remains the question whether this violation, assuming it conclusively appears, was a proximate cause of the accident. Would the accident have been avoided if the turn had been made on the right-hand side of Davis Avenue? It seems highly doubtful; in any event there was a jury question on proximate cause. Lawson v. Fordyce, 234 Iowa 632, 12 N.W.2d 301.

So with the claimed violation of section 321.320, supra. It is claimed the failure to yield the right of way conclusively appears. But it must be remembered there is a strong showing that the motor scooter was not lighted, and that other vehicles then using the streets were lighted, although there is disputed testimony that defendant's car lights were not turned on. There is also evidence the street light at the intersection was operating. The collision occurred during twilight, and some of the evidence indicates there was considerable visibility even without artificial lights. In any event, there was a jury question as to whether the absence of lights on the motor scooter absolved the defendant from the duty of seeing it, and yielding the right of way. We have recently so held. Culbertson v. Anderson, 251 Iowa 265, 270, 271, 100 N.W.2d 633, 635, 636, and authorities cited.

IV. The final error assigned asserts that the trial court should not have instructed on the question of assumption of risk. Plaintiff's position here is that there was no evidence to support a finding for defendant on this point, and so it was prejudicial error to instruct upon and submit it.

Although the defendant pleaded and urges in argument that it was sufficient to support the submission of the question that the plaintiff knew, *or should have known*, of the negligent operation of the motor scooter by the driver, particularly in the matter of the absence of lights and perhaps in other respects such as speed, the italicized words in the phrase just above have no place in a consideration of the question. The point is thoroughly analyzed and decided in Bohnsack v. Driftmier, 243 Iowa 383, 392 to 394 inclusive, 52 N.W.2d 79, 83 to 85 inclusive. Assumption of risk is a doctrine which applies the maxim "Volenti non fit injuria"; its meaning being that he who consents cannot receive an injury. There is a thorough discussion of the doctrine with citation of many authorities in Edwards v. Kirk, 227 Iowa 684, 288 N.W. 875. Assumption of risk has been held to apply, under proper circumstances, in automobile-negligence cases; but it is somewhat strictly limited. Although we said in Stupka v. Scheidel, 244 Iowa 442, 451, 56 N.W.2d 874, 879, that the plaintiff must have had actual knowledge of

the danger "or it must have been obvious", we think the quoted words mean no more than that the risk must have been so obvious that actual knowledge may be assumed.

The instruction in the case at bar was faulty in that it omits the requirement of actual knowledge. Nor does such actual knowledge appear. The plaintiff testified that he did not know the lights on the motor scooter were not lighted; and we cannot say that this was so obvious he must be held to have known. The time was at dusk, and he said he could see for some distance up the street ahead. Nor is there evidence of any other negligent operation of the scooter so apparent the plaintiff must have known of it, or that he had any real opportunity to take any action to correct it or remove himself from danger if such evidence there had been. The burden was upon the defendant to prove this affirmative defense. It was incumbent upon him to prove that plaintiff had actual knowledge of some negligent act of the driver of the vehicle upon which he was riding, and that he had a choice of doing or not doing something which would have avoided the peril. Thornbury v. Maley, 242 Iowa 70, 78, 45 N.W.2d 576, 581. Except for the absence of lights the only possible acts of negligence of the driver of the scooter must arise from testimony that he was traveling 25 to 30 miles per hour and did not slacken speed as he approached and entered the intersection. Motor-vehicle accidents occur in split seconds of time, and usually a passenger has little time or opportunity to do anything about them, or to relieve himself of possible danger. We find no occasion for the application of the doctrine of assumed risk here, and hold it was error to instruct upon it.

Because of the errors pointed out in Divisions I and IV the case is reversed and remanded for further proceedings.— Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting.