ANNA GILLESPIE, Plaintiff, Appellee, v. HIRAM GENTOSI et al., Defendants, Appellants.

No. 45321.

NOVEMBER 12, 1940.

H. H. Sawyer, for appellee.

Harold S. Thomas, for appellants.

MITCHELL, J.—At about 1:30 p. m. on the 12th day of April, 1939, Anna Gillespie, the plaintiff, was riding with her two daughters and a grandson in a two-door, two-seated Ford automobile. She was riding on the right front seat, and her daughter Mrs. Evans, on the left front seat, was driving. The automobile was proceeding east on Dean Avenue, in the city of Des Moines, when it approached the intersection with East 18th Street. When the car reached a point approximately 40 to 50 feet from the center of the intersecting street, the driver looked south but could see no car within the distance which she could see, which the driver estimated as between one third and one half of a block. There was some shrubbery that limited her vision to that distance. The car in which plaintiff was riding proceeded on into the intersection and had traveled nearly the entire width of 18th Street, when the defendants' car, which was being driven north on 18th Street, struck the rear right wheel of the car in which plaintiff was riding. Mrs. Gillespie was injured and commenced this action at law to recover damages. A jury was waived, and the court overruled defendant's motion for a directed verdict and gave judgment in favor of the plaintiff. Defendants have appealed.

We quote from appellants' brief, as to their position in this appeal:

"In this argument appellants limit themselves entirely to the alleged errors of the court in failing to direct a verdict at the close of plaintiff's testimony. They allege no other grounds and rely on no other evidence except that offered by the plaintiff. They are to be confined to that position."

While there are many grounds in the motion to direct, only two are argued. First it is claimed, "that the plaintiff has failed to carry the burden of proof necessary to sustain her cause of action and has failed to prove her freedom from contributory negligence as a matter of law."

The record shows that appellants' car was traveling from two to three times as fast as the car in which appellee was riding. That the Gillespie car entered the intersection when the Gentosi car was from 50 to 75 feet from the intersection of Dean and 18th Street. That appellee's car had reached almost the east side of the intersection when it was struck by appellants' car, which hit the rear right wheel of the car in which appellee was riding. The street at the place of the collision is between 24 and 26 feet wide. Under such a state of facts, clearly the question was for the jury.

In the case of Lutz v. Davis, 195 Iowa 1049, 1052, 192 N. W. 15, 17, this court speaking through Justice Faville said:

"Ordinarily and usually, the question of whether or not a plaintiff in an action of this character has been guilty of contributory negligence is one for the determination of the jury. This is true because the question as to whether or not a party has been guilty of contributory negligence is usually a question of fact. * * * The degree of care which a plaintiff must exercise in order to be free from contributory negligence is that degree of care which a man of ordinary prudence and caution would exercise under the same or similar circumstances. It is obvious that the question as to whether or not a plaintiff has conducted himself as a man of ordinary care and prudence would have acted under the same or similar circumstances is a fact question, ordinarily and usually to be determined by the jury under the evidence in any given case."

Again at pages 1053, 1054, of 195 Iowa, pages 17, 18, of 192 N. W., this court said:

."It is most certainly true that the *facts* of the various cases cannot be harmonized, for the simple reason that no two cases are identical in their facts; but the general rules with regard to contributory negligence have been reiterated time and time again, and adhered to throughout the decisions of the courts with a remarkable degree of consistency.

"* * * it also often happens, necessarily, that a comparatively slight difference in the facts of any particular case may .distinguish it from another case. It therefore follows that cases cited as precedents are of comparatively little value in actions of this kind. The courts are compelled to decide each particular case upon its facts, or want of facts, in determining whether or not the plaintiff therein has been guilty of contributory negligence, and must apply to the situation the general rules that have been so frequently announced and are so well established. Precedents with similar facts are valuable only as illustrating the application of the rules in somewhat analogous cases. It is scarcely possible to cite a case with facts so similar as to be 'absolutely controlling.' "

The only other question argued is "that the driver of plaintiff's car was guilty of negligence as a matter of law and that under the record such negligence was imputed to the plaintiff".

Clearly, under this record, there was no car within distance of the intersection which would warn anyone of approaching danger. Appellants' car was from 50 to 75 feet from the intersection at the time the car in which appellee was riding entered the intersection. There is evidence that the appellee's car was past the center of the intersection before appellants entered the intersection, and appellee's car was within a few feet of completing crossing the intersection when it was hit in the right rear wheel by appellants' car. Under such a record, it was a question for the jury.

A motion to dismiss was submitted with the case, which is overruled.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.