RAY BANGHART, Appellee, v. H. B. MEREDITH, Appellant.

No. 45315.

DECEMBER 10, 1940.

Mills, Hewitt & Diltz, for appellee.

Miller, Huebner & Miller and Charles W. Joiner, for appellant.

OLIVER, J.—This action arose out of a daytime intersection automobile collision at University Avenue and Twentieth Street, in Des Moines, Iowa. These were paved streets, respectively 51 and 45 feet wide. At the corners of this intersection were red and green light traffic-control signals. Plaintiff had driven his Ford coupe east on University Avenue and had made a (left) turn to the north on Twentieth Street when an Oldsmobile sedan, which defendant was driving west on University Avenue, struck the Ford at about the rear end of the right running board. Trial to a jury resulted in verdict and judgment for plaintiff and defendant has appealed. The single error assigned is that the court erred in refusing to direct a verdict against plaintiff on the ground that he was guilty of contributory negligence as a matter of law.

The provisions of the Code of Iowa, 1939, especially pertinent are as follows:

"5026.02 Turning left at intersection. The driver of a vehicle within an intersection intending to turn to the left shall

yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn.

"5025.04 When signal required. No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

"5025.05 Signal continuous. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

"5025.08 Method of giving hand and arm signals. * * *:

"1. Left turn.—Hand and arm extended horizontally."

Section 5023.04 requires the driver to have his car under control and reduce the speed to a reasonable and proper rate when approaching and traversing a crossing.

In passing upon the error assigned, the evidence and such inferences as may be reasonably drawn therefrom must be considered in the light most favorable to plaintiff. Moreover it must be remembered that defendant does not, in this appeal, question the sufficiency of the evidence to sustain the finding of the jury that his negligence was the proximate cause of the accident.

The only vehicles upon University Avenue in that vicinity immediately prior to the accident were the two automobiles in question and a street sprinkler near the north curb a short distance east of the intersection. As plaintiff's car traveling east reached the intersection he stopped it momentarily as the light changed from red to green. Then, with plaintiff's left arm extended, he drove east to the middle of the intersection and turned north. He saw defendant's car. Before he

turned north the speed of the Ford was about 8 miles per hour which was increased to 10, 12 or 15 miles per hour before the accident. Defendant testified that plaintiff made the turn at about 10 or 12 miles per hour. As the Ford turned north defendant's car was a little more than 80 feet to its east and was approaching at about 20 miles per hour.

At the time the Ford was struck it was traveling north or. a little east of north and was then just east of the center of Twentieth Street. Its front end was about even with the north curb line of University Avenue. Defendant testified he didn't see the Ford until it was making the turn. He also said his brakes were applied when the Oldsmobile was about 20 feet from the Ford. Despite this, the force of the collision drove the rear end of the Ford across Twentieth Street to the northwest corner of the intersection and plaintiff was thrown against the steering wheel and into the top of his car.

Code section 5026.02 requires that a car, about to make a left turn at an intersection, yield the right of way to a vehicle approaching from the opposite direction so close thereto as to constitute an immediate hazard, and section 5025.04 requires that a vehicle shall not be turned until such movement can be made with reasonable safety. We think there was sufficient evidence to justify a finding by the jury that plaintiff's acts were not in violation of these provisions. Certain evidence indicated that the speed at which the Ford was traveling would have enabled it to have entirely cleared the intersection before the arrival of the Oldsmobile had the latter continued at the rate of speed it was moving at the time the Ford turned to the north. Nor was it here absolutely necessary that the Ford have time to travel entirely out of the intersection to avoid a collision. University Avenue is a wide street from curb to curb, and the path of the Oldsmobile, as it approached the intersection, must necessarily have been some distance south of the north curb in order to clear the street sprinkler which was at that curb and near the intersection.

The law does not require a person to anticipate negligence on the part of the driver of an approaching vehicle but he may assume such driver will obey the law until he knows or should have known otherwise. Here both cars were traveling at

moderate speeds at the time the Ford started to turn. Under all the circumstances we think the proposition of whether or not the turn could be made with reasonable safety and whether or not the approaching Oldsmobile constituted an immediate hazard was a question upon which reasonable minds might differ. Hence it was for the jury. That there was in fact a collision, although with other circumstances proper for consideration by the jury, would not necessarily be determinative of this question. Obviously, if that were the sole test, the driver of a car involved in a collision while making such a left turn would always be in the wrong.

Parrack v. McGaffey, 217 Iowa 368, 251 N. W. 871; Hittle v. Jones, 217 Iowa 598, 250 N. W. 689; Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493, and other cases cited by defendant deal with different statutes, rules, and factual situations and are not applicable to the facts and rules of this case.. One marked difference is that in each of the cited cases one or both cars was traveling at a high rate of speed in contrast to the moderate speed of both cars here involved at the time plaintiff started to turn. Nor are we prepared to say that the driver of a vehicle which enters a stop-light intersection from a stopped position and who thereafter accelerates its speed to 10 to 15 miles per hour while making a left turn is necessarily negligent in so doing. Carpenter v. Wolfe, 223 Iowa 417, 273 N. W. 169.

Defendant contends plaintiff was negligent in failing to signal continuously during the last 100 feet before he turned to the north. Section 5026.02 provides for such signal "when and as required by this chapter". Section 5025.04 requires such signal "in the event any other vehicle may be affected by such movement." This statutory requirement is for the benefit of any other vehicle which may be affected by the movement and is not required when the car is, so to speak, alone on the highway. Assuming the Oldsmobile was a vehicle which might be affected by such movement, the evidence clearly and without conflict shows that plaintiff's failure to previously signal for the turn did not in any way contribute to the accident. Defendant testified he did not observe the Ford car until it started to turn to the north in the intersection. Therefore, the failure of plaintiff to give the required signal during the entire 100 feet last traveled by the

Ford before it turned had no causal relation to and did not contribute to the accident because the accident would have occurred even though the signal had been given for the required distance of travel. Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Ryan v. Trenkle, 203 Iowa 443, 212 N. W. 888.

We conclude the question of plaintiff's contributory negligence was for the jury. The judgment is affirmed.—Affirmed.

RICHARDS, C. J., and SAGER, MITCHELL, BLISS, HAMILTON, and STIGER, JJ., concur.