EARL RHINEHART, Appellee, v. RALPH SHAMBAUGH, Appellant.

No. 45582.

JUNE 17, 1941.

Curtis W. Gregory and Emmert, James, Needham & Lindgren, for appellee.

R. K. Craft and Bradshaw, Fowler, Proctor & Fairgrave, for appellant.

GARFIELD, J.—There is practically no dispute in the evidence. Thirteenth Street in the town of Dallas Center runs north and south, and is intersected at right angles by Maple Street running east and west. Both streets are graveled. Plaintiff-appellee was driving his new Dodge pickup truck east on Maple Street. When he reached a point about 20 feet west of the sidewalk on the west side of 13th Street he looked to the north and south and saw no one approaching. He could see about 150 feet to the south down 13th Street. Appellee then proceeded into the intersection. When the front wheels of appellee's truck were nearly even with the east curb on 13th Street the car driven by defendant-appellant struck the right door of the truck with such force as to throw it on to the parking on the north side of Maple Street, causing appellee's injuries. An eyewitness estimated the speed of appellant's car as it approached the intersection at 40 miles per hour, and the speed of appellee's truck just before it was hit at 15 miles per hour. The intersection was in a residential district where the maximum speed permitted by statute is 25 miles per hour. Section 5023.01, Code, 1939.

At the conclusion of appellee's evidence appellant moved for a directed verdict on the ground that appellee was guilty of contributory negligence as a matter of law. The trial court overruled the motion. Appellant offered no evidence and dismissed his counterclaim without prejudice. His counsel stated that it was the intention to stand upon the motion for directed verdict. The jury returned a verdict for appellee in the sum of $1,000 upon which judgment was entered. The single question raised upon this appeal is that appellee was guilty of contributory negligence as a matter of law. The theory advanced by counsel, as we understand it, is that at the time appellee claims to have looked to the south before entering the intersection, appellant's car must have been within the distance appellee claims was exposed to his view and therefore if he looked, he must have seen it; that if he did not see appellant's car he was negligent in not making an efficient observation and therefore in either event he was contributorily negligent. The decision upon which appellant seems to place most reliance is Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755. Hittle v. Jones, 217 Iowa 598, 250 N. W. 689, as well as some other decisions are also relied upon.

It of course goes without saying that upon this appeal the evidence must be construed in the light most favorable to appellee. Also, that ordinarily the question of contributory negligence is for the jury unless the evidence is such that reasonable minds could arrive at but one conclusion therefrom. In view of appellant's approach to the question of contributory negligence, it is proper for us to repeat the observation made by this court, speaking through Justice Sager, in Short v. Powell, 228 Iowa 333, 335, 291 N. W. 406, 407: "It is to be remembered that when speeds and distances are spoken of, we are dealing with estimates and not with certainties." See, too, Eby v. Sanford, 223 Iowa 805, 807, 273 N. W. 918. Obviously such testimony as we have before us pertaining to the speed of the respective vehicles, the distance from the intersection where appellee claims to have looked for approaching vehicles and the distance open to his view must not be considered as accurate measurements of speed or distances.

Even if we adopt appellant's theory of dealing with the question of contributory negligence, we are clear that the record does not present a case of contributory negligence as a matter of law. The jury might well have found that appellee was traveling 15 miles per hour and that appellant was traveling 40 miles per hour, or that appellant was traveling 2-2/3 times as fast as appellee; that the distance from the place where appellee claims to have looked for approaching cars to the place where the collision occurred was between 60 and 65 feet; that appellant was 2-2/3 times this distance south from the point of the collision at the time appellee made his observation. By reason of the foregoing, according to appellant's own theory the jury might well have found that at the time appellee looked to the south and could see for a distance of 150 feet, appellant's car was still further to the south beyond the range of appellee's view.

The case of Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755, relied upon by appellant, is clearly distinguishable from the present controversy. In that case it appeared that plaintiff had a clear view to the south of the intersection for a distance of from 225 to 250 feet. According to plaintiff's own testimony, he looked to the south and could see for that distance. It was 35 feet from the point where plaintiff claimed to have looked to the

point of collision. The court concluded that defendant could not possibly have traveled more than 175 feet from the time plaintiff made his observation and that defendant's car must have been in plain view when plaintiff claimed to have looked. The court concluded that either plaintiff did not look or if he did look and did not see what was plainly to be seen, he failed to use ordinary care in looking. In either event he was necessarily guilty of contributory negligence. In the case at bar, however, it is entirely reasonable to conclude that when appellee looked to the south no car was to be seen for a distance of 150 feet and that appellant's car was beyond the range of appellee's vision.

It cannot be said as a matter of law that appellee, having seen that no car was approaching for a distance of 150 feet from the intersection, was necessarily negligent in proceeding into the intersection. Nor can we hold as a matter of law that there was contributory negligence in failing again to look to the south after making observations at a place about 20 feet west of the sidewalk on the west side of the street. It must be remembered in this connection that appellee had a right to assume until he knew, or in the exercise of reasonable care should have known otherwise, that appellant or any other motorist approaching the intersection would be driving at a lawful rate of speed and would otherwise obey the law. Banghart v. Meredith, 229 Iowa 608, 611, 294 N. W. 918. It cannot be said as a matter of law that appellee was negligent in attempting to drive a distance of some 60 feet at a time when no car was approaching within 150 feet.

The jury could very properly have found that appellee's truck was the first of the two vehicles to enter the intersection. Consequently, under the present right of way statute, section 5026.01, Code, 1939, appellee was entitled to the right of way. Under this statute, appellant was not entitled to the right of way unless his car was the first to have entered the intersection or unless the two vehicles entered the intersection at the same time.

As supporting our conclusion, in addition to Short v. Powell, 228 Iowa 333, 291 N. W. 406, to which we have hereinbefore referred, see the following recent decisions of this court: Lathrop v. Knight, 230 Iowa 272, 297 N. W. 291; Stein v. Sharp, 229 Iowa 812, 295 N. W. 155; Gillespie v. Gentosi, 229 Iowa 356, 294 N. W. 586. Without taking the time to review these cases,

792

they will be found to be closely in point on their facts. In each case we held that contributory negligence was a question for the jury. The judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.