The plaintiff's intestate, a young girl about eighteen years of age, was attending a funeral at or near Woodrow, North Carolina, which village is situated between Waynesville and Canton. The evidence tended to show that there was a large crowd at the funeral, and that in front of the church cars were parked close together on each side of the highway. The plaintiff contended that as the people were leaving the church, the defendant, George Howell, drove a Hudson automobile along said highway at a rapid and dangerous rate of speed and without giving any signal or notice of the approach of said car, and, as a result of the negligent operation of said automobile, ran over and killed plaintiff's intestate while she was in the act of crossing the road.
There was also evidence on behalf of the defendant that the car was being operated in a careful manner, and that timely signals were duly given, and that plaintiff's intestate ran out from behind a car parked *Page 833 
on the side of the road immediately in front of defendant's car, and that the defendant, in the exercise of due care, could not avoid striking plaintiff's intestate.
The defendant, Bob Howell, was the father of the defendant, George Howell, and was the owner of the automobile. The automobile was purchased by the defendant, Bob Howell, who "permitted all the members of his family to use said automobile for their convenience, pleasure and business."
At the conclusion of plaintiff's evidence, the court entered a judgment of nonsuit as to the defendant, Bob Howell, to which plaintiff excepted.
The jury answered the issues as follows:
(1) Was the plaintiff's intestate injured and killed by the negligence of the defendant as alleged in the complaint? Answer: Yes.
(2) Did the plaintiff's intestate, by her own negligence, contribute to her injury and death as alleged in the answer? Answer: Yes.
(3) Did the defendant, George Howell, recklessly and wilfully run over, injure and kill the plaintiff's intestate as alleged in the complaint? Answer: ______.
(4) What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: _____.
From the judgment of the court that plaintiff take nothing by the action, plaintiff appealed.
It appearing that the defendant, Bob Howell, the owner of the automobile, had purchased it for general family use, and that it was being operated by his son, it was error to sustain the motion of nonsuit as to him. Watts v. Lefler, 190 N.C. 722. But this error is immaterial by reason of the fact that the jury found, upon competent evidence and under a proper charge by the trial judge, that the plaintiff's intestate was guilty of contributory negligence. The liability of defendant, Bob Howell, as owner of the automobile, used for family purposes, depended upon the liability of his son, George Howell, who was operating the automobile at the time. If the son was not liable under the findings of the jury, then, certainly, the father and owner of the car would not be liable. Watts v.Lefler, supra.
We have examined the record with care and are compelled to conclude that the case was tried in accordance with the law, and, therefore, the verdict of the jury terminates the litigation.
No error. *Page 834