Larry W. Ritter, administrator of estate of Larry D. Ritter, appellant, v. Andrews Concrete Products & Supply Company, a partnership, et al., appellees.

No. 49599.

(Reported in 93 N.W.2d 787)

December 16, 1958.

Sondrol & Powell, of Clear Lake, and Breese & Cornwell, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellees.

Hays, J.— ■ Plaintiff seeks damage for the death of his decedent due to alleged negligence in the operation of defend-

ants' truck. The petition alleges seven specific acts of negligence. The trial court submitted two thereof to the jury which returned a verdict for the defendants. Plaintiff-appellant assigns as error the failure to submit the other specifications of negligence and also the giving of Instruction No. 6. The record shows that objections to the instructions, as required by rule 196, R. C. P., were directed to the failure to submit two of the omitted specifications of negligence and we will consider only these two. Stewart v. Hilton, 247 Iowa 988, 77 N.W.2d 637; Jurgens v. Davenport, R. I. & N.W. Ry. Co., 249 Iowa 711, 88 N.W.2d 797.

There is no material dispute as to the facts. On the morning of October 6, 1956, Larry D. Ritter, age ten, and David Kofoed, age nine, were riding their bicycles east upon Highway No. 18 between Clear Lake and Mason City, Iowa. This highway has a 22-foot paved surface and approximately 10-foot shoulders. The pavement was dry and visibility good. On said date defendant Claire Johnsen was driving a truck, owned by the other defendants, west upon this highway. The truck, a ready-mix-concrete truck, was 24 feet long and 8 feet wide and weighing about 13 tons. It was a ten-wheel vehicle, all being equipped with hydraulic brakes. Defendant Johnsen first observed the boys when they were between a third to a half a mile ahead, at which time the truck was going about 40 miles per hour. He took his foot off the throttle, thus gradually slowing the truck. He observed the boys ride onto the south shoulder to permit a car going east to pass them. They then returned to their (south) lane and continued eastward. They were riding abreast, with the Ritter boy being on the north or nearer the center line of the pavement. At this time the truck was at the extreme north edge of the pavement. He also saw a black dog following the boys and observed it running on the shoulder and then on the pavement behind the boys. When the truck was approximately 20 feet east of the boys, the dog ran into the north lane of the pavement at which time the brakes were applied and the right front wheel of the truck was on the north shoulder. The dog suddenly darted to the south and into the front wheel of the Ritter bicycle. In attempting to keep his balance he turned the bicycle to the north at about a ninety-degree angle and over

against the side of the truck, and was killed. At the time of the collision the speed of the truck was approximately 25 miles per hour.

The trial court submitted two alleged acts of negligence to the jury as follows: "That the said Claire Johnsen was negligent in that after observing the said Larry Dean Ritter upon the highway at the time and place in question, he failed to have the truck under control upon approaching said child and failed to bring said truck to a stop so as to avoid a collision with said child." The foregoing includes two of the seven alleged acts of negligence and no exception was taken as to the form or manner in which they were stated to the jury.

I. The first assigned error, and the most strenuously argued, is the failure of the trial court to submit the question of a "proper lookout."

It is true, as contended by appellant, that it is the duty of the court to submit to the jury all issues presented by the pleadings upon which there is evidence tending to support them. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696; Clark v. Umbarger, 247 Iowa 938, 75 N.W.2d 243. However, where there is a clear overlapping or duplication in the acts of negligence set forth in the petition the court need not state them all but may select those that substantially cover the situation. Fleming v. Thornton, 217 Iowa 183, 251 N.W. 158; Bonnett v. Oertwig, 234 Iowa 864, 14 N.W.2d 739.

When speaking of "proper lookout" in connection with the operation of a motor vehicle upon the highway, the common conception thereof is the duty of seeing that which is clearly visible or which in the exercise of ordinary care would be visible. Under this record it appears beyond any doubt that defendant Johnsen saw the boys when they were some distance ahead and continued to observe them up to the moment of the collision. Thus, under the common conception of the term, "lookout" was not an issue.

However, "lookout" under the definitions given it by this court has another and broader meaning. In Becker v. City of Waterloo, 245 Iowa 666, 673, 63 N.W.2d 919, 923, we said, "Proper lookout means being watchful of the movements of one's own vehicle as well as the other things seen or seeable,

and involves the care, prudence, watchfulness and attention of an ordinarily careful and prudent person under the circumstances." In Devore v. Schaffer, 245 Iowa 1017, 1024, 65 N.W.2d 553, 557, 51 A. L. R.2d 1041, it is said with reference to the term "lookout" that it depends on the context and may mean "care to discover whether plaintiff was in a place of safety from possible injury by the contemplated movement of the truck and trailer." See also Law v. Hemmingsen, 249 Iowa 820, 89 N.W.2d 386.

 Appellant argues that there was ample evidence the defendant driver failed to keep a proper lookout, that he failed to realize the dangerous situation which was approaching and failed to take any precautions whatever to have his vehicle under control or to do any other thing to avoid the accident. Thus it is clear that the "lookout" contended for by appellant means control and ability to avoid a collision.

It appears that appellant bases his appeal primarily upon the doctrine announced in Webster v. Luckow, 219 Iowa 1048, 258 N.W. 685, and followed in Paschka v. Carsten, 231 Iowa 1185, 3 N.W.2d 542. Nowhere in these cases is there any mention as to "lookout" as a specific act of negligence. In both cases the court, in instructing the jury as to defendant's duty, mentions lookout and speed as bearing upon and as an integral part of control. In the instant case, Instruction No. 7 appears to be based upon the rule announced in the Webster case, supra, and meets all of the matters contended for by appellant.

 II. Error is assigned for failure to submit alleged negligence as to speed. The record shows this and other specifications of negligence were withdrawn by the court on motion prior to the inspection of the instructions by the attorneys. No objection to the instructions failing to include speed was interposed and it is contended that an exception having been given at that time under rule 180, R. C. P., no further objection is required. There is no merit to this contention. At the time speed was eliminated, lookout was likewise eliminated. Specific objection to the elimination of lookout from the instructions was interposed. Nothing was said as to speed. Even though an exception was saved under rule 180, failure to object under

rule 196 might well lead the court to think the issue of speed, etc., had been abandoned. Rule 180 does not supersede rule 196 and if questions dealing with instructions are to be considered on appeal, compliance with rule 196 is imperative.

III. Instruction No. 6 is rather lengthy and combines definitions of ordinary care, negligence, contributory negligence and proximate cause. As a part of this instruction dealing with proximate cause the court instructed as to the effect of a distinct and independent intervening cause or act. It deals with the question of the dog running into the boy's bicycle.

The appellant objected to this instruction upon two grounds: That the facts do not warrant submission of an independent intervening cause, and by so doing the court placed undue stress upon the part the dog had in the collision. The other objection was that said instruction placed a greater duty upon the plaintiff than the law requires.

The court in said instruction told the jury that if Johnsen was negligent as alleged and "also find that he, as a reasonably prudent person, would not have anticipated that said dog would probably collide with the bicycle * * *, and further find that the act of the dog was the direct and efficient cause of said accident, then such negligence * * * would not be the proximate cause of the accident in question."

Under the record we see no error in instructing upon an independent intervening cause. The jury might well find that but for the dog the boys and the truck would have passed in safety. We do not read the Webster case to go as far as claimed by appellant. He in effect says that when children are involved, a driver of a vehicle must anticipate everything including what, but for the tender age of the children, would clearly be an independent intervening cause. The question in the Webster case did not involve proximate cause.

It is also claimed that this instruction cast too heavy a burden upon the plaintiff. If the instruction improperly states the rule as to an independent intervening cause, the objection interposed fails to point out wherein it is wrong and there is nothing presented for review. Jurgens v. Davenport, R. I. & N.W. Ry. Co., 249 Iowa 711, 88 N.W.2d 797.

Finding no error the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.