Russell Olson, appellant, v. Donald E. Truax et al., appellees.

No. 49784.

(Reported in 97 N.W.2d 900)

1042

JULY 24, 1959.

Daniel Sanderson, of Estherville, and Westfall, Laird & Burington, of Mason City, for appellant.

Brown, Dresser & Kinsey, of Mason City, and L. E. Plummier, of Northwood, for appellees.

GARFIELD, J.—This is a law action to recover for injuries from a daytime collision between plaintiff's Chrysler sedan and defendant's loaded gravel truck at a country intersection of gravel roads. We disregard the fact Leslie E. Truax, alleged part owner of the truck, was joined as defendant with his son Donald, the driver. At the close of the evidence the trial court directed a verdict for defendant Donald on plaintiff's claim on the ground of plaintiff's contributory negligence and the further conclusion that the doctrine of last clear chance, pleaded in Count II of plaintiff's petition, is not applicable. There was a jury verdict against plaintiff for $1012.36 on defendant's counterclaim. From judgment thereon plaintiff has appealed.

There were no stop signs at the intersection nor was there any building, billboard or other obstruction to view. Plaintiff was driving east and defendant north. Defendant thus

had the directional right of way under section 321.319, Codes, 1954, 1958, which provides, "Where two vehicles are approaching * * * so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. * * *."

Plaintiff did not stop for the intersection nor accord defendant the right of way. Defendant swerved his truck to the left when it was about 5 to 10 feet from the sedan. The right front of the truck collided with the right rear fender and wheel of the sedan. The point of impact was six feet east and two feet south of the center of the intersection. The traveled north-and-south roadway was 24 feet wide, the east-and-west roadway 22 feet.

Because of his injuries plaintiff remembers nothing about the collision or the preceding events. He was thoroughly familiar with the intersection and drove through it frequently. Only eyewitness other than defendant was Elmer Weidler, a farmer standing about 100 rods north and a little west of the intersection. When he first saw the two vehicles the truck was over one-fourth mile south of the intersection and the sedan about 30 rods west of it. He watched the vehicles approach because he was confident there was danger of collision. Weidler testifies neither vehicle appeared to slow down or change its course except perhaps plaintiff's speed was a little less as he approached the intersection.

Defendant saw the sedan when his truck was about 300 feet south of the intersection and it remained in plain sight. He says the Chrysler slowed down and when 20 feet west of the intersection appeared to be coming to a stop but then increased speed to 15 miles per hour as it went into the intersection, he slammed on brakes of the truck and swerved to the left in a futile attempt to avoid the collision.

I. Plaintiff-appellant's first assigned error is the direction of verdict against him on his claim. He argues the issue of his freedom from contributory negligence should have been submitted to the jury and in any event he was entitled to have the doctrine of last clear chance submitted. At the outset, however, is the question whether the direction of verdict on plaintiff's claim was prejudicial to him in view of the jury verdict

against him on the counterclaim. Of course plaintiff contends the ruling was prejudicial notwithstanding the jury verdict. Defendant argues such verdict was necessarily based on findings that plaintiff was negligent, such negligence was the proximate cause of the collision and defendant was free from any negligence which caused, or contributed in any way to, the collision and these findings are fatal to plaintiff's right of recovery on his claim.

There is no escape from the conclusion the jury verdict was necessarily based on the findings referred to and each of them is fatal to plaintiff's right of recovery under Count I of his petition. Even though plaintiff's contributory negligence would not prevent his recovery on the last-clear-chance theory asserted in his Count II, freedom from negligence of defendant which caused or contributed in any way to the collision would of course do so. Fagen Elevator v. Pfiester, 244 Iowa 633, 637, 56 N.W.2d 577, 579. The jury heard all the evidence of both parties bearing upon the collision. It was fully instructed that unless defendant was free from any negligence that caused or contributed in any manner to the collision he could not recover on his counterclaim. The jury was also instructed that plaintiff's claim was withdrawn and should not be considered without, however, stating that the reason for such withdrawal was plaintiff's contributory negligence.

There is no possible theory on which plaintiff was entitled to recover under his claim if, as the jury found, defendant was entitled to recover from plaintiff under his counterclaim. We must conclude, therefore, that if plaintiff's claim had been submitted to the jury he could not have recovered thereon. Unless we are to depart from the logic of many of our precedents, withdrawal of plaintiff's claim from jury consideration, under these circumstances, must be deemed nonprejudicial.

Harriman v. Roberts, 211 Iowa 1372, 1375-6, 235 N.W. 751, 753, holds the erroneous striking of a counterclaim and refusal to submit it to the jury in an automobile-collision case was without prejudice where the jury found for plaintiff on his claim. Although the counterclaimant was appellant, the logic of the decision is fully applicable here. These are brief excerpts from the opinion:

"There is no theory upon which both the plaintiff and the defendants were entitled to damages. * * * the jury found that appellant's negligence was the proximate cause of the accident, and that appellee was free from negligence contributing thereto. * * * While the ruling on the motion to strike the counterclaim * * * was erroneous, it was, in view of the verdict of the jury finding that the accident was the result of the negligence of the driver of appellant's car, clearly without prejudice."

Newman v. Blom, 249 Iowa 836, 840, 89 N.W.2d 349, 352, is our most recent decision to the same effect as Harriman v. Roberts, supra.

In Davidson v. Vast, 233 Iowa 534, 544, 545, 10 N.W.2d 12, 18, defendant counterclaimed against plaintiff *and cross-petitioned against a part owner of the pickup truck plaintiff's decedent was driving.* The trial court withdrew these pleadings from jury consideration and upon defendant's appeal this was assigned as error. We held the ruling was without prejudice in view of the verdict for plaintiff which necessarily included findings defendant was negligent, his negligence was the proximate cause of the collision and plaintiff's decedent was free from contributory negligence. Such findings, we said, "were fatal to any right of recovery on the counterclaim *or cross-petition.*" (Emphasis added.) As to the cross-petition defendant was in precisely the position of plaintiff-appellant here upon his claim and the defendant to the cross-petition was in the same position as defendant-appellee here.

In Shannon v. Gaar, 234 Iowa 1360, 1364-5, 15 N.W.2d 257, 260, the trial court struck out plaintiffs' claim for exemplary damages. We held if there was error in this ruling, it was cured by the verdict for defendants.

Fagen Elevator v. Pfiester, supra, 244 Iowa 633, 637, 56 N.W.2d 577, 579, holds refusal to submit to the jury a division of defendant's counterclaim based on the last-clear-chance doctrine was nonprejudicial in view of the jury verdict for plaintiff on his claim, since such verdict necessarily included the finding plaintiff's driver was free from negligence which caused or contributed to the collision. See also Miller v. Griffith, 246 Iowa 476, 482, 66 N.W.2d 505, 509.

Other precedents holding that refusal to submit an issue to the jury is nonprejudicial where it returns a verdict based on findings fatal to recovery under the issue if it had been submitted include Smith v. Pine, 234 Iowa 256, 268, 12 N.W.2d 236, 243; Beck v. Dubishar, 240 Iowa 267, 271, 36 N.W.2d 438, 439, 440; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 38, 55 N.W.2d 528, 533. See also Cunningham v. Court, 248 Iowa 654, 662, 82 N.W.2d 292, 296, 297; Janvrin v. Broe, 239 Iowa 977, 982, 983, 33 N.W.2d 427, 431.

Some decisions from other jurisdictions which lend support to our conclusion that refusal to submit plaintiff's claim to the jury was not prejudicial to him in view of the verdict on the counterclaim are: McCary v. Alabama Great Southern R. Co., 182 Ala. 597, 62 So. 18, 23, 24; McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221; Smith v. Cooper, 73 Idaho 99, 245 P.2d 816, 819; Ambrose v. Indemnity Insurance Co. of North America, 124 N.J.L. 438, 12 A.2d 693, 695; Plott v. Howell, 191 N.C. 832, 133 S.E. 167; O'Brien v. Dunigan, 187 Ore. 227, 210 P.2d 567, 572, 573.

Quite in point is Simon v. Nelson, 118 Conn. 154, 157, 170 A. 796, 797, where the jury was erroneously instructed that plaintiff-driver was negligent as a matter of law. (Here the trial court's direction of verdict was upon a like ground but the jury was told merely that plaintiff's claim was withdrawn from its consideration, without stating the reason therefor.) The jury returned verdicts for defendant against the driver (John C.) and passenger (Charles). The court held: "The verdict of the jury * * * in the case of Charles Simon necessarily imported a finding that the operator of the defendant's car was not negligent. It follows that its verdict in the father's [John C.'s] case must have been based upon the same finding, and that the plaintiff in that case was not therefore harmed by the charge which removed from the consideration of the jury the question of his contributory negligence."

Also in point on principle is Union Trust Co. v. Woodrow Mfg. Co., 8 Cir., Iowa, 63 F.2d 602, where the trial court directed a verdict in favor of some defendants in an action by trustees under a mortgage to recover for waste. The jury returned a verdict in favor of the other defendants, who were

more active in committing the waste than those in whose favor the verdicts were directed. Upon appeal the court was in doubt as to whether the verdict should have been directed but held, in view of the jury verdict, if the ruling was error it was without prejudice.

We see no sound basis for holding, as plaintiff would have us, that any error in directing a verdict against him on his claim is prejudicial to him notwithstanding the jury verdict for defendant on his counterclaim, without repudiating the rule to which we are firmly committed that any error in directing a verdict against the counterclaim is nonprejudicial where the jury returns a verdict for plaintiff on his claim in a case of this kind. The mere fact plaintiff commenced the action should not entitle him to more favorable consideration on the question of prejudice than would be accorded defendant on his counterclaim.

Insofar as language near the end of Division I of Lauman v. Dearmin, 246 Iowa 697, 704, 705, 69 N.W.2d 49, 53, is inconsistent with the views here expressed it is disapproved.

■■ II. We are content to rest our decision as to plaintiff's principal assigned error upon the preceding division. However, we will say we are unable to find evidence of plaintiff's freedom from contributory negligence. It is not claimed here that the no-eyewitness rule is applicable. Under the settled rule in Iowa plaintiff had the burden of making an affirmative showing of his freedom from negligence which contributed in any way to the collision. Peterschmidt v. Menke, 249 Iowa 859, 862, 89 N.W.2d 152, 154, and citations. It is true of course the evidence may be circumstantial as well as direct.

■ It was plaintiff's duty to exercise reasonable care to keep a lookout for vehicles approaching the intersection from his right and if there were such to be prepared to yield the right of way. Jacobson v. Aldrich, 246 Iowa 1160, 1170, 68 N.W.2d 733, 739; Peterschmidt v. Menke, supra, 249 Iowa 859, 865, 89 N.W.2d 152, 156.

■ There is no evidence plaintiff performed this duty unless it be in the fact the speed of his car was reduced as he approached the intersection and then was increased as he entered it. From this and Weidler's testimony that defendant's speed

1048

was 50 to 60 miles per hour plaintiff argues it may be inferred plaintiff looked to the south, observed the truck, thought, and as a reasonable person had a right to think, he could proceed into the intersection without danger of collision. Plaintiff requested an instruction (7) to the effect that if these were the facts plaintiff was not required to yield the right of way. Reliance is placed upon Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269; Falt v. Krug, 239 Iowa 766, 32 N.W.2d 781; Rhinehart v. Shambaugh, 230 Iowa 788, 298 N.W. 876; Lathrop v. Knight, 230 Iowa 272, 297 N.W. 291, and some other like precedents.

We think these cases are not factually in point and there is insufficient basis in the evidence for the requested instruction, for a finding of reasonable care in maintaining a lookout or of plaintiff's freedom from contributory negligence on the theory relied upon. Any such finding would rest largely upon conjecture and would, in effect, accord to plaintiff the benefit of the no-eyewitness rule.

Proper lookout means more than merely to look or see an object. It implies being watchful of the movements of the driver's own vehicle as well as the movements of the other things seen or seeable. It involves the care, watchfulness and attention of the ordinarily prudent person under the circumstances. Pazen v. Des Moines Transportation Co., 223 Iowa 23, 30, 272 N.W. 126, 130; Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 199, 61 N.W.2d 696, 700. See also Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1013, 82 N.W.2d 82, 87; Ritter v. Andrews Concrete Products & Supply Co., 250 Iowa 297, 300, 301, 93 N.W.2d 787, 789.

We think our conclusion on the issue of plaintiff's freedom from contributory negligence finds support in Plumb v. Minneapolis and St. Louis Ry. Co., 249 Iowa 1187, 91 N.W.2d 380, 385; Peterschmidt v. Menke, supra, 249 Iowa 859, 89 N.W.2d 152; Jacobson v. Aldrich, supra, 246 Iowa 1160, 68 N.W.2d 733; Davis v. Hoskinson, 228 Iowa 193, 204, 290 N.W. 497.

III. We will say too we are unable to find error in the ruling the doctrine of last clear chance is not applicable to the case. The doctrine presupposes contributory negligence of plain-

tiff. It applies where defendant (1) has actual knowledge of plaintiff's situation, (2) realizes or should in the exercise of reasonable care realize he is in peril, (3) has the ability to avoid injury to plaintiff thereafter and, of course, (4) fails to do so. Strom v. Des Moines and Central Iowa Ry. Co., 248 Iowa 1052, 1070, 82 N.W.2d 781, 791, and citations. See also Schreiber Mills, Inc., v. Lee County, 249 Iowa 746, 751, 88 N.W.2d 811, 814.

Of course the burden rested upon plaintiff to make a case for the application of the last-clear-chance doctrine under the foregoing rules. Menke v. Peterschmidt, 246 Iowa 722, 727, 728, 69 N.W.2d 65, 69; Nagel v. Bretthauer, 230 Iowa 707, 712, 298 N.W. 852, 854; Annotation 159 A. L. R. 724.

■ Defendant's knowledge of plaintiff's situation is shown without question. As previously stated, defendant admits he saw plaintiff's car when the truck was about 300 feet south of the intersection and it remained in plain sight. But defendant had a right to assume until he knew, or should have known in the exercise of reasonable care, that plaintiff would obey Code section 321.319 (quoted above) and accord him the right of way. Menke v. Peterschmidt, supra, 246 Iowa 722, 728, 729, 69 N.W.2d 65, 70, and citations. Defendant is not to be charged with realization of plaintiff's peril until he increased his speed, after reducing it, and drove into the intersection from a point 20 feet to the west. And defendant must then have had the ability, by the exercise of reasonable care, to avoid injury to plaintiff. The time then available to defendant for avoiding the collision was very brief. It can hardly be said he had time to be negligent in the emergency that confronted him after realization of plaintiff's peril or had the last *clear* chance to avoid the collision.

Our views on this question find support in Menke v. Peterschmidt, supra, 246 Iowa 722, 69 N.W.2d 65; Strom v. Des Moines and Central Iowa Ry. Co., supra, 248 Iowa 1052, 1069–71, 82 N.W.2d 781, 791, 792; Floersch v. Merchants Motor Freight, 8 Cir., Iowa, 248 F.2d 704, 706.

■ We may say further it is doubtful if the last-clear-chance doctrine is applicable to the present case in view of the allegation in plaintiff's petition that defendant was negligent

1050

in failing to exercise reasonable care to maintain a proper lookout. See on this Reynolds v. Aller, 226 Iowa 642, 648, 284 N.W. 825, 828.

IV. Plaintiff assigns error in the refusal of his fifth requested instruction that, "If you find it was reasonably necessary to insure safe operation to give an audible warning with his horn and either plaintiff or defendant failed to give such warning the failure would constitute negligence." The request was doubtless based upon this provision of Code section 321.432, "The driver * * * shall when reasonably necessary to insure safe operation give audible warning with his horn * * *."

Plaintiff's counsel excepted "to the court's failure to submit as a ground of contributory negligence defendant's failure to sound his horn. The court having made notations on the instructions requested, I make no further exceptions orally."

Rule 196, Rules of Civil Procedure, provides requested instructions may be filed "At the close of the evidence, or such prior time as the court may reasonably fix * * *" and "all objections to giving *or failing to give* any instruction must be made * * * specifying the matter objected to *and on what grounds*. No other grounds or objections shall be asserted thereafter, or considered on appeal." (Emphasis added.)

The evidence here was closed not later than 3 p.m. and plaintiff's requested instructions were filed at 9 the next morning. The court evidently considered them, however, and refusal of them seems not to have been placed upon the ground they were not filed in time. We are not disposed to hold, as defendant would have us, these requests were not filed in time to be considered. Schreiber Mills, Inc., v. Lee County, supra, 249 Iowa 746, 748, 88 N.W.2d 811, 812; Peterson v. Sheridan, 8 Cir., Iowa, 115 F.2d 121, 126.

However, plaintiff's objection to the refusal of his fifth requested instruction fails to comply with rule 196 in that it does not specify the grounds of his objection. The rule is just as definite in requiring objections to the refusal of requested instructions to specify the grounds thereof as is required of objections to instructions actually given. Stewart v. Hilton, 247 Iowa 988, 995, 77 N.W.2d 637, 641, and citations; Whitmore v. Herrick, 205 Iowa 621, 632, 633, 218 N.W. 334. See

also Jurgens v. Davenport, R. I. and N.W. Ry. Co., 249 Iowa 711, 717–720, 88 N.W.2d 797, 801–3; Ritter v. Andrews Concrete Products & Supply Co., supra, 250 Iowa 297, 93 N.W.2d 787.

▮▮ Aside from what is just said we are not persuaded it was reversible error to refuse plaintiff's fifth request. It does not purport to deal with the issue of defendant's freedom from contributory negligence under his counterclaim. In this respect the case is somewhat like Fagen Elevator v. Pfiester, supra, 244 Iowa 633, 637, 638, 56 N.W.2d 577, 579, and Slabaugh v. Eldon Miller, Inc., supra, 244 Iowa 29, 38, 55 N.W.2d 528, 533. The counterclaim contains no specification of negligence against plaintiff for failure to sound his horn. So the request as filed was clearly improper and prejudicial to plaintiff in referring to his alleged negligence in this respect. The instructions given, although omitting reference to failure of either party to sound a horn, were as favorable to plaintiff as they would have been if plaintiff's fifth request had been given. See on this Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 86 N.W.2d 822, 827, 828; Grant v. McKiernan, 82 Ga. App. 82, 60 S.E.2d 794, 797, 798.

Although defendant had the burden under his counterclaim to plead and prove his freedom from contributory negligence, we note, incidentally, the seven charges of negligence against defendant in Count I of plaintiff's petition do not include failure to sound a horn.

V. Plaintiff's sixth requested instruction stated it was defendant's duty, when he saw plaintiff proceed into the intersection, to do whatever was reasonably necessary to avoid the collision and if he could, as a reasonably careful person, turn his truck to the left, apply his brakes or otherwise avoid hitting plaintiff's car his failure so to do would constitute contributory negligence.

▮▮ What is said in the preceding division about failure of plaintiff's objection to the refusal of his fifth request to specify the grounds of his objection is also applicable here. Further, the thought embodied in the sixth request is sufficiently covered in the instructions given, considered as a whole, particularly those numbered 2, 11, 13 and 17. It is elementary that the refusal of a requested instruction is not prejudicial

error where the substance of the request is covered by the instructions given. Clayton v. McIlrath, 241 Iowa 1162, 1168, 1169, 44 N.W.2d 741, 745, 27 A. L. R.2d 307; Wilson v. Fleming, 239 Iowa 718, 730, 31 N.W.2d 393, 399; Davidson v. Vast, supra, 233 Iowa 534, 545, 10 N.W.2d 12, 18; 88 C. J. S., Trial, section 399a; 53 Am. Jur., Trial, section 527.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.