Clara Kuehn, appellant, v. Novaleen Jenkins et al., appellees.

No. 49797.

(Reported in 100 N.W.2d 604)

November 17, 1959.

Rehearing Denied March 11, 1960.

McCarville & Bennett, of Fort Dodge, for appellant.

Alan Loth, of Fort Dodge, and Archerd, Birdsall & Draheim, of Clarion, for appellees.

Larson, C.J.—This is a companion case to the case of Clara Kuehn, as administratrix of estate of Betty Kuehn, deceased, v. Novaleen Jenkins, Henry L. Jenkins, Jenkins Trucking and Feed Company, and Claude Junior Dishman, 251 Iowa 718, 100 N.W.2d 610. From a verdict and judgment for plaintiff in the administratrix case, defendants appealed. In the present action the trial court set aside the verdict and plaintiff appeals. The same record was before us in both appeals. Only a brief factual statement is necessary here.

At about 6:30 a.m. on July 26, 1959, Clara Kuehn, the plaintiff, started to drive her car north on Eighth Street in Clarion, Iowa. It was about 109 feet from that place to the center line of First Avenue. First Avenue ran east and west, Eighth Street north and south. Plaintiff's home was on the southeast corner of the intersection, the northwest corner being 57 feet and 9 inches from the south curb line of First Avenue. As she reached the point where she could see up First Avenue to her right she said she looked and saw no vehicle approaching. Her car was moving about 8 or 10 miles per hour and, when she reached the east-and-west sidewalk about 16 feet from the south curb line of First Avenue, her daughter cried out, "Look out, Mom," and she looked right, saw the truck approaching, applied her brakes, and slid to a complete stop just short of the center line of First Avenue. She testified defendants' truck, when first observed, was about "three quarters down the street * * *" and "a quarter past the middle of the street * * *." "He

was doing at least 35 to 40 miles an hour, maybe more." As her car came to a stop they collided and she lost consciousness. Defendant testified he did not see her until *after* the collision, denied driving over 25 miles per hour and on the wrong side of the street. Plaintiff's Pontiac sedan was a total wreck, and she was severely injured.

Defendants' motion to take from jury consideration plaintiff's charges of (1) failure to maintain a proper lookout (2) excessive and illegal speed, and (3) failure to yield one half the highway, was sustained. The court said: "Her conduct was such in connection with the operation of her vehicle * * * that the only possible theory upon which the question of defendants' liability could be submitted to a jury was upon the theory of last clear chance, * * *." An exception was granted plaintiff.

The jury was told in the instructions that plaintiff alleged defendants were negligent "in failing to avoid said accident when the operator of the defendants' truck saw the plaintiff's automobile and knew or in the exercise of due care should have known that the automobile in which plaintiff was riding was in a position of peril then standing in a motionless position on the south side of the center of said street and when the defendants were charged with knowledge that a collision was inevitable unless in the exercise of ordinary care the operator of said truck endeavored to stop the same or to change the course of said truck to his right-hand side of said street."

The jury returned a verdict for plaintiff for $5000. By way of explanation of its action in setting aside the verdict, the court said there were no facts in evidence from which the inference could arise that the defendant Dishman knew of plaintiff's presence in time to have avoided the collision, had he exercised due care, and therefore the last-clear-chance doctrine could not apply. As to that conclusion we must agree.

Appellant's assignment of error states: (A) "The trial court erred in sustaining defendant-appellee's motion for judgment notwithstanding the verdict", and (B) "The trial court erred in not submitting certain allegations of negligence, namely, speed, lookout, and wrong side of the street driving * * *."

I. As generally understood, the doctrine of last clear chance presupposes contributory negligence of plaintiff.

Olson v. Truax, 250 Iowa 1040, 1048, 97 N.W.2d 900, 905. However, plaintiff contends her allegation as to last clear chance, specification (h), was in the alternative, and we think that was permissible under rule 67, R. C. P.. Thus, assuming without conceding that she was negligent, plaintiff maintains there was substantial evidence that the defendant Dishman (1) had actual knowledge of plaintiff's situation (2) realized or should in the exercise of reasonable care have realized he was in peril (3) had the ability to avoid injury to plaintiff thereafter, and (4) failed to do so, and that his negligence would be the sole proximate cause of the collision, and she was entitled to recover. Olson v. Truax, supra; Strom v. Des Moines and Central Iowa Ry. Co., 248 Iowa 1052, 1070, 82 N.W.2d 781, 791, and citations; Schreiber Mills, Inc., v. Lee County, 249 Iowa 746, 750, 88 N.W.2d 811, 814.

Obviously the burden rests upon plaintiff to make a case for the application of that doctrine. Menke v. Peterschmidt, 246 Iowa 722, 727, 728, 69 N.W.2d 65, 69; Nagel v. Bretthauer, 230 Iowa 707, 712, 298 N.W. 852, 854; Annotation, 159 A. L. R. 724.

Even with the benefit of the rule as to how we shall view the testimony, we fail to find in the record any evidence to justify the submission of that issue to the jury. There is not a scintilla of evidence in the record tending to prove that the defendant Dishman *ever saw the plaintiff* or her automobile prior to the collision. There were no facts shown upon which such an inference could be drawn. Indeed, in ruling on the motion to set aside, the court said the defendant Dishman admitted in so many words that he did not see the plaintiff's vehicle at all until after he had stopped his truck some 211 feet down the street. There were no brake or swerve marks east of the intersection and no physical facts to indicate he had such knowledge, except perhaps the fact that plaintiff's automobile did come slowly sliding into the intersection. Any inference that may be drawn from that fact, standing alone, falls far short of plaintiff's burden to show that Dishman knew of plaintiff's presence before the crash. The rule is clear that, unless it is shown in some manner acceptable in law that defendant actually saw the plaintiff, no presumption can arise to aid

plaintiff to establish as a fact that defendant should have realized his peril in time to have avoided the collision. Menke v. Peterschmidt, supra; Lynch v. Des Moines Railway Co., 215 Iowa 1119, 245 N.W. 219; Olson v. Truax, supra.

We conclude the trial court should not have submitted the last-clear-chance doctrine in this action, and, having done so, was correct in setting aside a verdict based thereon.

II. The rule is well established that where there is sufficient evidence to warrant submission of pleaded specifications of negligence it is error for the court not to do so. Hackman v. Beckwith, 245 Iowa 791, 795, 64 N.W.2d 275; Smith v. Darling & Co., 244 Iowa 133, 136, 56 N.W.2d 47, 49. The trial court did submit those same issues under the same showing in the companion administratrix case, and we affirmed that action. Clara Kuehn, admx., v. Jenkins, supra. We must adhere to our application of that rule in this case, and must accept the evidence in its construction most favorable to the plaintiff, and this is particularly true when the issues are withdrawn from jury consideration. Thus we apply here also the rule which requires that disputed questions of fact, from which reasonable minds might draw varying conclusions, are for the determination of the jury. Roller v. Independent Silo Co., 242 Iowa 1277, 1282, 49 N.W.2d 838; Hackman v. Beckwith, supra; Ritter v. Andrews Concrete Products & Supply Co., 250 Iowa 297, 300, 93 N.W.2d 787, 789, and citations. Being aware of this rule, we may safely assume that the learned trial court did not submit those specifications in this action because it had then determined for itself that plaintiff had failed to produce sufficient proof of her freedom from contributory negligence for jury consideration. If it was wrong as to that conclusion, these specifications, along with the question of freedom from contributory negligence, should have been submitted to the jury and a new trial must be ordered. On the other hand, if we should agree that plaintiff was contributorily negligent as a matter of law, it must be apparent that a failure to submit these issues would not be such error as would justify a reversal of the judgment. Schwartz v. Helsell, 243 Iowa 95, 101, 50 N.W.2d 573, 577. The nub of this controversy is, did it appear that plaintiff was guilty of contributory negligence as a matter of law?

III. One may assume, until in the exercise of due care he may discover otherwise, that others using the streets and highways will obey the law, that they will drive on their right side of the street, within the speed limits prescribed, will yield the right of way at street intersections, and otherwise comply with ordinances and statutes governing motor-vehicle operation in the city and state. How far one may go with such an assumption as to lookout poses a very difficult question. It has caused and will continue to cause courts much trouble. Schwartz v. Helsell, supra. The problem there stated was: "The question of how far the negligence of one party to an accident may be considered in absolving the other from contributory negligence, under the rule that the second party had a right to assume that the other would obey the statutory law and the rules of due care, is a troublesome one. It is obvious that the two have some relation; it is equally obvious that, if carried to its logical conclusion, if the defendant is negligent, the plaintiff can rarely be held to be contributorily negligent." (Page 103 of 243 Iowa)

It is interesting to note in that case we did not solve the problem. The court divided equally on the question of whether the issue of contributory negligence should have been submitted to the jury. However, that was the usual case where two cars collided in the intersection with neither operator apparently seeing the other, or, if they did so, apparently did nothing toward avoiding the collision.

Here, as we have pointed out, there was evidence from which the jury could have found the defendant Dishman was negligent in failing to keep a proper lookout, in exceeding the speed limit on that street, and in traveling in the left lane when entering the intersection. The following fact questions are involved: How far over into the left lane was he traveling, if he was so doing? How fast was he going, if he was found to be exceeding the speed limit? Did he maintain a proper lookout, when he said he looked straight ahead and to the right but did not see the plaintiff's car enter the intersection?

On the other hand, we have the vital questions: Did the plaintiff also fail to keep a proper lookout as she approached the intersection? Did she violate the right-of-way statute when she entered the intersection if she did not pass the center line

564

of First Avenue? If she did pass the center line of First Avenue but was making a reasonable effort to avoid the collision, upon discovering defendant's approach from her right at an excessive speed, did she violate the statutory law or the rules of due care?

There is no dispute that under the provisions of section 321.319, Code of 1958, defendant had the directional right of way. It provides: "Where two vehicles are approaching * * * so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. * * *."

Also involved in this action, without dispute, is the provision of section 321.297, Code of 1958, which provides: "The operator of a motor vehicle, in cities and towns, shall at all times travel on the right-hand side of the center of the street."

IV. As a reasonably prudent person in the exercise of ordinary care, one would not enter an intersection of two streets unless he first determined that no vehicle was approaching from his right within a reasonably safe distance. Generally speaking, we say that such distance is the distance that a vehicle traveling within the speed limit would cover while one was traversing that intersection at his legal speed. Of course, such a prudent person would not enter the intersection if he actually discovered another vehicle at a greater distance exceeding the speed limit, or otherwise driving in a manner which would endanger him in his effort to cross the intersection. In other words, one attempting to cross an intersection must not take a chance. If it clearly appears he did so he would be guilty of contributory negligence as a matter of law and could not recover, although the other party was guilty of several statutory or due care violations. Schwartz v. Helsell, supra; Burnett v. Chicago, M. & St. P. Ry. Co., 172 Iowa 704, 712, 154 N.W. 919, 922; Davis v. Hoskinson, 228 Iowa 193, 202, 203, 204, 290 N.W. 497, 502.

In the Davis case, supra, Justice Bliss said as to the element of doubt in calculating distances: "She took a chance which a reasonably prudent person would not have taken. As this court has said, one cannot "* * * indulge in nice calculations whether

he may barely escape injury, nor may he take reckless chances and be free from contributory negligence.' "

The question then before us is, did the evidence tend to prove that plaintiff observed the proper standard of care, or did it clearly indicate that she was taking a chance? What did her alleged lookout indicate under the circumstances?

 Under the general rule, such questions of fact are for the jury to decide. It should be permitted to determine whether defendant was exceeding the speed limit as he approached the intersection, and if so, to what extent; whether he was driving on his own right-hand side of the center line; and whether plaintiff's lookout to the right was a sufficient one under the circumstances. As she did not discover the fast-moving truck until she was about 16 feet from the south side of the intersection, does it appear clear that her first look about 57 feet from the cross street was so improper, or that she was taking such a chance in entering the intersection as would justify the court in finding her guilty of contributory negligence as a matter of law? Unless one could say, as a matter of law, that her lookout toward the right was not far enough, or otherwise insufficient, it would seem to be a fact question as to whether defendant was or was not within that distance when she looked to her right prior to entering the intersection.

We conclude under the circumstances here that it was a question of fact peculiarly for the jury to determine. That body should decide whether her look to the right was sufficient, and whether she should have seen or did see the defendant approaching. Furthermore, it seems within its province to say whether or not she acted reasonably and properly when she did discover the approaching truck, and whether or not she failed to yield to the defendant Dishman the right-hand side of the center line of First Avenue at that place.

This was not the typical case usually cited as authority for the finding of contributory negligence as a matter of law. In such cases the plaintiff either did not look to the right, but drove right across the intersection and was struck, or did look and took a chance on beating the other car on his right through the crossing. In none of those do we find an issue of defendant's causal action such as the question of excessive speed by the

defendant, or the question of failing to drive in his proper lane. Such cases as Olson v. Truax, supra, 250 Iowa 1040, 97 N.W.2d 900, and Peterschmidt v. Menke, 249 Iowa 859, 89 N.W.2d 152, and cases cited therein, are without doubt the "very exceptional cases."

The rule we must follow here is stated in Jacobson v. Aldrich, 246 Iowa 1160, 1163, 1164, 68 N.W.2d 733, 735: "Another rule often repeated is that ordinarily the question of contributory negligence is for the jury; it is only in 'very exceptional cases' that a verdict may be directed because contributory negligence appears as a matter of law."

We are satisfied this is not the "very exceptional case" and believe plaintiff has produced evidence which, if believed by the jury, would justify the finding that she had kept a proper lookout, had done the things required of a reasonably prudent person under the circumstances, and that her acts were not a contributing cause of the collision.

V. This being our conclusion, we must send the cause back to the district court for a new trial. Plaintiff's contention that we could re-establish the verdict in this matter has no merit. It is not the case where appellee seeks to affirm a judgment on some ground not sustained by the lower court. Plaintiff here is the appellant and seeks to reverse, not uphold a judgment. The verdict cannot be reinstated. We cannot reinstate a verdict on a basis not submitted to the jury. In re Estate of Stevens, 223 Iowa 369, 272 N.W. 426; Pfannebecker v. Chicago, R. I. & P. Ry. Co., 208 Iowa 752, 226 N.W. 161; Morgan & Wright v. Sutlive Bros., 148 Iowa 318, 126 N.W. 175. The cause must, therefore, be remanded for a new trial.—Reversed and remanded.

All JUSTICES concur except JUSTICES OLIVER and THOMPSON who dissent to Division I.