DONALD D. BEEZLEY, appellee, v. MYRON W. KLEINHOLTZ, appellant.

No. 49827.

(Reported in 100 N.W.2d 105)

DECEMBER 15, 1959.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellant.

Robert M. Dippel and Noran L. Davis, both of Council Bluffs, for appellee.

THORNTON, J.—This is an intersection case. The collision occurred about 3 p.m., July 10, 1954, at the intersection of Avenue G and Sixteenth Street in Council Bluffs on a clear day. Plaintiff, riding alone, was driving his 1952 Oldsmobile east on Avenue G, defendant with a girl, then 12 years old, riding with him, was driving a 1950 Ford convertible north on Sixteenth Street. Defendant had the directional right of way. The cars collided in the southeast quadrant of the intersection and came to rest in the northeast quadrant. Avenue G was paved with asphalt and 33 feet wide from curb to curb; Sixteenth Street

was dirt or oil surfaced and 26 feet wide from curb to curb. This action was started in August of 1955 but delayed for trial until January 1959, due to defendant's service in the armed forces of the United States. Defendant filed a counterclaim. The trial jury returned a verdict of $5928.34 for plaintiff. Defendant's motions for a directed verdict, for a new trial, and for judgment notwithstanding the verdict were overruled and he appeals.

I. Defendant contends he is entitled to a reversal because plaintiff has not proved his freedom from contributory negligence and plaintiff is guilty of contributory negligence as a matter of law as to lookout, control and failure to yield the right of way.

■■ Plaintiff has the burden of making an affirmative showing of his freedom from contributory negligence, that is, such negligence on his part as contributes in any way or in any degree directly to his damage and injury. This is a substantial part of his cause of action. His proof may be circumstantial as well as direct. Olson v. Truax, 250 Iowa 1040, 1047, 97 N.W.2d 900, 905; Paulsen v. Haker, 250 Iowa 532, 544, 95 N.W.2d 47, 54, 55; Peterschmidt v. Menke, 249 Iowa 859, 862, 89 N.W.2d 152, 154; Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733; Gregory v. Woodworth, 93 Iowa 246, 248, 61 N.W. 962, 963; Rabe v. Sommerbeck, 94 Iowa 656, 658, 63 N.W. 458; and Fort Dodge Hotel Co. v. Bartelt, 8 Cir., Iowa, 119 F.2d 253, 258. To determine the question presented here it is our duty to examine the evidence, both direct and circumstantial, in the light most favorable to plaintiff and give him the benefit of every reasonable inference therefrom.

■ The duties of plaintiff and defendant at the intersection are governed by the following provisions of the 1954 Code. Section 321.319 provides, where two vehicles are approaching so their paths will intersect and there is danger of collision, the vehicle approaching on the right shall have the right of way. Section 321.288 provides the operator of a motor vehicle shall have the same under control and reduce the speed to a reasonable and proper rate when approaching and traversing an intersection. Section 321.285 provides a person driving a motor vehicle shall drive at a careful and prudent speed not greater than nor

less than is reasonable and proper having due regard to the traffic, surface and width of the highway and of any other condition then existing, such driver has the right to assume others using the highway will observe the law; and provides 25 m.p.h. as the speed limit in a residential district, here applicable. Section 321.297 provides an operator of a motor vehicle in cities and towns shall at all times travel on the right-hand side of the center of the street. "Street" or "highway" is synonymous. Section 321.1, paragraph 48. And in addition thereto each has the common-law duty to exercise reasonable care and maintain a proper lookout.

The evidence shows plaintiff was a man 32 years old at the time of the accident and that he had driven over the intersection every day going to and from work for well over a year. Plaintiff testifies he was traveling east on Avenue G, in the right-hand lane one car width from the south curb at a speed of 25 m.p.h.; when he was 20 to 25 feet west of the west curb line of Sixteenth Street he looked to his right, south, and saw no one coming. At that point he could see not over 25 to 30 feet to the south. His vision was obscured by six-feet-high weeds that reached to the south to the end of the lot. He then slackened his speed, looked to his left, saw no one coming, looked right again, and he testifies:

"At that instant Mr. Kleinholtz' car was on top of me.

"I looked and saw the car and it was approaching me and I instinctively went for my brakes and swerved to the left to avoid the collision, but it happened anyway. He struck me on my right front and pushed me to the other side of the street. He kind of pancaked, whipped around to the side of my car and it showed on there.

"He was coming at me, my front, and it appeared like he was trying to turn to the right, applying his brakes and going right, but he struck me and knocked me * * *."

The collision occurred in the southeast quadrant of the intersection and the cars came to rest in the northeast quadrant. There were skid marks behind defendant's car for 30 to 40 feet and testimony defendant was approaching the intersection at 40 and 50 m.p.h.

It was plaintiff's duty to yield the right of way to traffic on his right, when "their paths will intersect and there is danger of collision." However, if he took reasonable steps under the circumstances to determine whether there was danger of collision and it did not so appear he had the right to proceed through the intersection. And such steps would be evidence of ordinary care on his part and evidence of absence of contributory negligence. This statement, "It was plaintiff's duty to exercise reasonable care to keep a lookout for vehicles approaching the intersection from his right and if there were such to be prepared to yield the right of way.", is in each of the following cases: Jacobson v. Aldrich, 246 Iowa 1160, 1170, 68 N.W.2d 733, 739; Peterschmidt v. Menke, 249 Iowa 859, 865, 89 N.W.2d 152, 156; and Olson v. Truax, 250 Iowa 1040, 1047, 97 N.W.2d 900, 905.

At the time plaintiff looked to his right, south, the second time it was hopelessly too late to yield the right of way or avoid the collision. From the testimony he was in the intersection, he does not say where, defendant was right on him. Reliance cannot be placed upon this second look as to doing anything relative to yielding the right of way. It is not evidence of due care on his part. Therefore it is necessary to look to other conduct of plaintiff and the circumstances. The only other time plaintiff looked to his right was at a point 20 to 25 feet from the intersection and then he could only see 30 feet south on Sixteenth Street from the south curb line of Avenue G. At this point he was traveling 25 m.p.h. He says he slackened his speed and was traveling 20 to 22 m.p.h. at the time of the impact. Six-feet-high weeds prevented plaintiff from seeing farther south at this point. He was well acquainted with the intersection. He does not testify how far east the high weeds extended but does say they reached south to the alley. No other witness testifies to the weeds. He does not testify he then thought it was safe to go thru the intersection. At this point his observation disclosed only that there was no traffic within 30 feet of the intersection. Traffic 31 feet from the intersection at a speed of 25 m.p.h. in one second would travel 36.66 feet and the bumper of such an automobile would be right on the lane of travel of plaintiff, one car width from the curb. Plaintiff, if he maintained his speed of 25 m.p.h., figuring he was 20 feet

west of the west curb line of Sixteenth Street at his position behind the wheel, would in one second travel 20 feet to the curb line, one half the width of Sixteenth Street or 13 feet, and 3.66 feet into the right-hand or east lane of Sixteenth Street. We assume plaintiff's 1952 Oldsmobile was approximately 16 feet long and six feet wide. This is a fair assumption from the pictures placed in evidence. Plaintiff, in the driver's seat, would have at least eight feet of the car behind him. For plaintiff's car to clear the east or right-hand lane, figuring such lane at six feet, he would have to travel 47 feet, 20 feet to the curb line, 13 feet over the west half of Sixteenth Street, six feet over the right-hand lane and eight feet from the driver's seat to the rear of his car. This would take him one and one-fourth second. In the same length of time a northbound car traveling 25 m.p.h., 31 feet south of the curb, just out of plaintiff's vision would be within one-half foot of the center line of Avenue G. All measurements and distances used are those most favorable to plaintiff and to the extent such appear inaccurate are in plaintiff's favor.

 It is obvious that from the facts observed, known to and testified to by plaintiff he was not warranted in assuming he could traverse the intersection without danger of collision with traffic on his right. This is the minimum required of him. It follows there is no evidence plaintiff is free from contributory negligence or that he exercised due care for his own safety. He is guilty of contributory negligence as a matter of law in failing to yield the right of way and in failing to maintain a proper lookout. This is not a case of telling a plaintiff where and when he must make his observations other than observations must be made at a time and place to allow plaintiff to comply with the statutory requirements or warrant him in assuming he is not required to yield the right of way.

Plaintiff urges for our consideration a number of our cases. We have examined all of them and do not find they support his position. Of these cases we set out the following.

In Appleby v. Cass, 211 Iowa 1145, 234 N.W. 477, the plaintiff on the left stopped at midnight at the intersection for traffic on his left, when such traffic passed he could see lights on the bridge 475 feet to his right. He did not see any car

lights and proceeded to cross the intersection and his hind wheels were struck by defendant's car near the far side of the intersection. This is not the fact situation we have here.

In Coonley v. Lowden, 234 Iowa 731, 12 N.W.2d 870, a railroad crossing case, the evidence showed plaintiff's view was obstructed to within 15 feet of the track, the first clear view to the north, and he looked at that point and the train was then 100 feet away. Also there was evidence, plaintiff and four other witnesses, of the railroad's failure to signal. This court, at page 738 of 234 Iowa, said:

"* * * This is especially true of requirements designed to warn the traveler of the train's approach. * * * the absence of a warning signal may have the effect of lulling the mind into a sense of security. The testimony that no signal was given is therefore properly to be considered on the question of contributory negligence."

This court, at page 736 of 234 Iowa, also said:

"A traveler approaching a railroad must look when by looking he can see. A traveler is required to look for approaching trains within a reasonable distance from the crossing, but not at any particular place nor at all points."

This case does not support the plaintiff.

In Hinrichs v. Mengel, 228 Iowa 1124, 293 N.W. 452, there was evidence plaintiff had a clear view of 318 feet.

In Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269, plaintiff looked to his right and could see no traffic for a distance of 168 feet when he had 70 feet to travel to clear the intersection. The difference in the situations is apparent.

In Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733, a verdict was directed for the defendant on the right and affirmed by this court. At page 1170 of 246 Iowa we find this statement:

"* * * But we approved an instruction which stated the law as being that the party approaching a crossing and not having the right of way is required to exercise reasonable diligence to ascertain if another, with a superior right over the intersection, is approaching so that a collision would be apt to occur. A failure to observe this precaution would of course be negligence."

In Lathrop v. Knight, 230 Iowa 272, 297 N.W. 291, plaintiff

on the left could see to his right 130 feet at the time he stopped for the intersection. He then drove into the intersection at a speed of 12 to 15 m.p.h.

In Peterson v. Union Motor Sales Co., 245 Iowa 1337, 66 N.W.2d 496, plaintiff's driver on the left stopped for a stop sign at dusk, his view was obstructed, he pulled forward into the intersection and again looked both ways and saw no cars approaching. There was evidence defendant's car was unlighted and that a car moving north would come over a rise and first be visible, under normal conditions, about 456 feet south of the intersection.

In Rhinehart v. Shambaugh, 230 Iowa 788, 791, 298 N.W. 876, 878, we find this statement, "It cannot be said as a matter of law that appellee was negligent in attempting to drive a distance of some 60 feet at a time when no car was approaching within 150 feet." This is an entirely different situation from attempting to drive some 40 feet when there is no car within 30 feet.

In each of the above cases wherein the plaintiff's case was submitted to the jury there was evidence from which it could be found the plaintiff made some observation at a place where he could see such a distance as would make the assumption he could traverse the intersection in safety a reasonable one. In the case at bar there is no such evidence.

Plaintiff also urges that where it is impossible or difficult to see at the intersection the question of contributory negligence is a question of fact for the jury. An examination of the railroad cases, Coonley v. Lowden, supra, and Artz v. The Chicago, R. I. & P. R. R. Co., 34 Iowa 153, 158, shows the obstruction to the view is discussed in relation to the duty of railroad to give an audible signal and the plaintiff's right to rely on his sense of hearing. And, as above indicated, plaintiff in the Coonley case looked at the first point at which he had a clear view. In the automobile cases there is evidence the plaintiff looked at a point he could see much farther than 30 feet. This is true in each case cited. Or there is evidence the car on the right had no lights on at midnight, Appleby v. Cass, supra, and at dusk, Peterson v. Union Motor Sales Co., supra. Factually these cases do not support plaintiff.

It is not necessary to discuss the other matters urged by defendant. For the reasons pointed out the case is reversed and remanded and the trial court directed to sustain defendant's motion for judgment notwithstanding the verdict.—Reversed and remanded.

BLISS, OLIVER, GARFIELD, THOMPSON, HAYS and GARRETT, JJ., concur.

LARSON, C. J., dissents.

PETERSON, J., takes no part.