**Leroy A. FELDHAHN and Bernadine V. Feldhahn, Appellants,**

v.

**R.K.B. QUALITY CORP., Appellee.**

**No. 83–435.**

Supreme Court of Iowa.

Oct. 17, 1984.

Rehearing Denied Nov. 8, 1984.

Jack E. Dusthimer of Goebel & Koury, Davenport, for appellants.

John D. Stonebraker of McDonald, Stonebraker & Cepican, Davenport, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

Plaintiffs are homeowners who sued a plastering corporation, claiming defective workmanship. We granted further review after the court of appeals rejected, on preservation grounds, plaintiffs' challenge to a trial court ruling which withdrew the plaintiffs' negligence count from jury consideration.

It was admitted the parties contracted for the installation of plaster and drywall in plaintiffs' home. Plaintiffs asserted that defendant's workmanship was defective, that paint, wallpaper, and wall covering would not adhere to the plaster. Plaintiffs assert they were compelled to remove and replace plaster wallboard, electric heat ap-

paratus, electric and plumbing fixtures, tile and trim.

Plaintiffs alleged four theories of recovery: contract; breach of express warranty; breach of implied warranty; and negligence. The appeal has to do with the negligence claim which the defendant moved to dismiss after plaintiffs rested. The trial court overruled the motion. The stated reasons are perplexing:

> [N]egligence is not going to go to the jury, but I am not going to strike it, because I don't think that's appropriate either. The negligence count alleges nothing different than the allegations concerning breach of contract, essentially.... Now, the reason I don't plan on sending that to the jury is because it would be impossible to prevent the verdict in view of the fact that the warranties are admitted. It's the court's proposal that the court will only submit the issue as to breach of warranty, and will not submit the negligence issue, but I don't think, counsel, the appropriate method is to strike the division, because it's a perfectly proper pleading, and there is evidence to support it.

Also perplexing is the trial court's perceived distinction between dismissing the negligence count and withdrawing it.[1] The defendant immediately amended the motion to ask that the negligence issue be withdrawn from the consideration of the jury. In sustaining the motion, the trial court responded: "[t]hat the court will do."

Plaintiffs then requested the court to reserve ruling until all the evidence was in. The court responded: "the evidence all related to the breach of contract."[2] It then stated:

> I will allow you at this point in time to elect—if you wish to have the negligence count go to the jury, you can elect to do so now, and that's fine, but now is the time.

It is arguable that this statement, if taken out of context, could be interpreted as allowing plaintiffs to have the negligence claim submitted together with their other claims. That is, the word "elect" could be stretched so that this statement might be thought of as an offer to retract and reverse the prior ruling which sustained the motion to withdraw.

On review defendant suggests this interpretation. But the statement must be read in context. When it is, we understand it as a requirement that plaintiffs elect whether to pursue the negligence claim alone, or to drop it in favor of the other theories. Our understanding is supported by the trial court's confusing explanation of its ruling: "I don't plan on sending that to the jury because it would be impossible to prevent the verdict in view of the fact that the warranties are admitted." This statement, whatever its import, does not support the view that plaintiffs were offered the choice of having all four theories of recovery submitted.

Our understanding is further borne out by the next statement of the trial court:

> Well, the court's ruling is that these are the very issues that are going ... to the jury, on breach of contract, which includes both express and implied warranties, and there are no other issues. There is no issue concerning whether there were such warranties or whether they existed. The only issue is were they breached. That's point number 1. If that hurdle is surmounted by you and your argument to the jury, then the second hurdle is then the amount of damages which—those are the only two items in dispute as the court now sees the pleadings and the evidence. You presented nothing in your evidence that would produce a new ground for negligence independent of the contract, and therefore, whether it's proper or not— I'm doing all this in case somebody takes

---

1. We do not subscribe to the distinction between defendant's motion to dismiss the negligence claim and the motion to withdraw it. We see them as one and the same.

2. The court did not explain its change of view from its immediately preceding statement that there was evidence to support the negligence theory.

this up on appeal, the supreme court can see how the court muddled through it—the negligence count is now withdrawn. . . .

I. The court of appeals held that the plaintiffs had not preserved error on the negligence issue. The holding was based on the fact that there were no exceptions to the instructions. The court of appeals held that the plaintiffs should have again raised the point when given an opportunity to object the court's proposed instructions. The court of appeals likened the situation to our holding in *Anderson v. Wilcox*, 189 N.W.2d 541 (Iowa 1971). In *Anderson*, at 545–46, we pointed out that a peremptory ruling informing counsel an instruction will not be given does not obviate the obligation to object to the final draft of instructions under the procedure provided in rule of civil procedure 196.

■ Our difference with the court of appeals is that the ruling complained of here was more than peremptory. A ruling which withdraws an issue from jury consideration is an adjudication that the claim is out of the case. This is the very reason for making such a motion at the close of plaintiffs' evidence. The ruling on it will usually impact directly on the extent and scope of evidence the defense will thereafter offer. The ruling is one of law. *See* 88 C.J.S. Trial § 223 (1955); 75 Am.Jur.2d Trial § 342 (1974).

■ We see no need for plaintiff's counsel, at the time of taking exceptions to the instruction, to again complain or take exception to a prior ruling which withdrew an issue from the jury. *See* 4 C.J.S. Appeal and Error § 304 p. 943. We hold error was preserved. So doing, we overrule any intimation to the contrary in *Ritter v. Andrews Concrete Prod. & Sup. Co.*, 250 Iowa 297, 301–02, 93 N.W.2d 787, 790 (1958). The *Ritter* holding seems, on this point, to be an aberration. It was not cited by the court of appeals. The *Ritter* opinion cites no authority for the proposition. Our disapproval of the *Ritter* holding applies only to situations where the motion to withdraw an issue has been sustained.

■ II. We next turn to defendant's assertion that the plaintiffs, when presented with the election, agreed to drop the negligence issue. We think not. It was error to present them with an election requirement because our rules do not provide for exacting such a choice. On the contrary:

A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant.

Iowa R.Civ.P. 22. *See Wells v. Wilden*, 224 Iowa 913, 918, 277 N.W. 308, 311, 115 A.L.R. 169 (1938) (under prior statute, similar to present rule 22, a plaintiff could not be required to elect between inconsistent theories of recovery for injuries arising from the same occurrence).

■ We fail to understand why the trial court would suggest an election of remedies was called for. No one moved to invoke the doctrine and it was not appropriate if anyone had. We explained the doctrine in *Bolinger v. Kiburz*, 270 N.W.2d 603 (Iowa 1978). It is a largely obsolete rule which is to be narrowly applied.

Three elements must be established by a party relying on the doctrine: (1) existence of two or more remedies; (2) inconsistency between them; and (3) a choice of one of them.

*Id.* at 605. (Citation omitted.) Missing here are the second and third elements. The second was not established because there was no inconsistency. In *Bolinger*, we explained:

When theories of recovery are factually consistent, an inconsistency does not arise until one of the remedies is satisfied.

*Id.* at 606. The third element was not established because the plaintiffs did not make any choice, certainly not one within the meaning of the doctrine. *See* 25 Am. Jur.2d Election of Remedies § 14 (1966); 28 C.J.S. Election of Remedies § 11 (1941).

It was inappropriate to impose upon the plaintiffs a requirement that they elect among their theories of recovery.

**230**

III. Defendant also attempts to support the trial court ruling by claiming there was no jury question made out in the negligence claim. We have carefully reviewed the record. To detail the evidence on the claim would unduly extend this opinion. Upon review we agree with the trial court that the negligence count was "a perfectly proper pleading and there is evidence to support it." It is fundamental that all well pled issues which are supported by substantial evidence should be submitted to the jury. *Lockard v. Carson,* 287 N.W.2d 871, 875 (Iowa 1980). It was error for the trial court to sustain the motion to withdraw.

The judgment of the trial court must be reversed and the case remanded for a new trial.

DECISION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED; CASE REMANDED.